■ LOUISE DE PAOLO et al., Respondents, v B. GEORGE WISOFF et al., Appellants, et al., Defendants. — In a medical malpractice action, defendants B. George Wisoff, Robert I. Hamby, Long Island Jewish-Hillside Medical Center and Daniel Weisz appeal, (1) as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (McGinity, J.), dated September 9, 1982, as denied their motion for a protective order against Items Nos. 4, 5 and 6 of plaintiffs' notice to produce dated June 25, 1982 and (2), as limited by their brief, from so much of an order of the same court, dated December 17, 1982, as upon reargument, modified the prior order with respect to Items Nos. 4 and 5. Appeal from order dated September 9, 1982, dismissed, without costs or disbursements. That order was superseded by the order dated December 17, 1982, granting reargument. Order dated December 17, 1982, modified by deleting so much thereof as directs appellants to "furnish copies of any minutes of staff meetings conducted at defendants' hospital in which statements were made concerning plaintiff's condition by any person in attendance at such meeting who is a defendant in this action" and substituting therefor a provision granting appellants motion for a protective order against so much of Item No. 4 of plaintiffs' notice to produce, which sought full and complete copies of any and all minutes of staff meetings conducted at the appellant medical center at which plaintiff Louise De Paolo's case was discussed, as is exempted from disclosure by subdivision 3 of section 6527 of the Education Law and by directing the appellants to produce before the Justice Presiding at Special Term, Part I of the Supreme Court, Nassau County, the complete minutes of any such staff meetings, for *in camera* inspection by the court. As so modified, order dated December 17, 1982, affirmed insofar as appealed from, without costs or disbursements. The appellants' time to produce said minutes, if any, before Special Term is extended until 15 days after service upon them of a copy of the order to be made hereon, with notice of entry. Upon receipt of any minutes, Special Term shall redact therefrom any material which is exempt from disclosure before making a copy thereof available to plaintiffs for discovery and inspection. Although the appellants admit that their motion for a protective order was made several days after the 10-day deadline fixed by CPLR 3122, and without proffer of any excuse, they correctly note that the penalty for such tardiness is generally limited to restricted judicial scrutiny of the notice to produce under the "palpably improper" test (see *Wood v Sardi's Rest. Corp.*, 47 AD2d 870, 871). We agree that plaintiffs' request for minutes of hospital staff meetings appears to seek material privileged by subdivision 3 of section 6527 of the Education Law and is therefore palpably improper (cf. *Soifer v Mount Sinai Hosp.*, 63 AD2d 713). Inasmuch as that same subdivision exempts from the privilege statements made by individual parties to the action, the proper course is *in camera*

inspection of any minutes by Special Term and redaction, if appropriate (see *Carroll v St. Luke's Hosp. of Newburgh*, 91 AD2d 674). We have considered defendants' other points and find them to be without merit. Thompson, J. P., O'Connor, Weinstein and Rubin, JJ., concur.