■ ROBERT SPRAGUE, Plaintiff, v INTERNATIONAL BUSINESS MACHINES CORP., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. ORANGE COUNTY INSULATION CORP., Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, third-party defendant Orange County Insulation Corp. appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), entered January 23, 1985, which granted defendant and third-party plaintiff International Business Machines Corp.'s motion to compel further responses to a notice for discovery and inspection.

Order reversed, with costs, and motion denied.

As noted by Special Term, the failure to make a timely motion for a protective order forecloses inquiry into the propriety of a notice for discovery and inspection and the information sought to be discovered thereunder except as to requests which are palpably improper or as to privileged matter (CPLR 3101, 3122; *Cipriano v Righter,* 100 AD2d 923). This case falls within the exception to that rule and, accordingly, we reverse.

The workers' compensation carrier's claim file for the plaintiff in the underlying action is, in fact, the file of the liability insurer for purposes of defendant and third-party plaintiff's claim for contribution and/or indemnification against the third-party defendant. It is well established that the file of a liability insurer in an accident case, as well as reports prepared by an insured for his liability insurer, fall within the scope of the conditional exemption from disclosure afforded material prepared for litigation (CPLR 3101 [d]; *Vernet v Gilbert,* 90 AD2d 846; *Kandel v Tocher,* 22 AD2d 513). Defendant and third-party plaintiff has not shown that the material therein cannot be duplicated and that withholding it may

result in injustice or undue hardship (CPLR 3101 [d]; *Volpicelli v Westchester County,* 102 AD2d 853). Moreover, the request for the entire file, without specifying the nature of the particular documents sought, was overly broad *(see, Park Knoll Assoc. v Schmidt,* 99 AD2d 772). Finally, since the claim file appears to be in the hands of the carrier, a nonparty, the notice for discovery and inspection should have been served upon it in the first instance. Mollen, P. J., Brown, Niehoff and Eiber, JJ., concur.