■ EDOARDO IELOVICH et al., Respondents, v TAYLOR MACHINE WORKS, INC., Appellant, et al., Defendants. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., Taylor Machine Works, Inc. (hereinafter Taylor), appeals (1) from an order of the Supreme Court, Richmond County (Kuffner, J.), dated September 12, 1985 which granted the plaintiffs' cross motion for an order directing a further deposition of its chief engineer J. T. Monk, and (2) as limited by its brief, from so much of an order of the same court, also dated September 12, 1985, as denied that branch of its motion which was for a protective order vacating item No. 2 of the plaintiffs' notice for discovery and inspection dated November 28, 1984, and directed the production of "all" transcripts of certain proceedings.

Ordered that the appeal from the order compelling the appellant's chief engineer J. T. Monk to submit to a further deposition is dismissed; and it is further,

Ordered that the order denying that branch of the appellant's cross motion which was for a protective order vacating item No. 2 of the plaintiffs' notice for discovery and inspection is modified, by deleting the provision thereof which directed the production of "all" transcripts of certain proceedings, and substituting therefor a provision limiting the scope of the discovery sought in item No. 2 to claims similar in nature to the accident in question. As so modified, that order is affirmed insofar as appealed from; and it is further,

Ordered that the appellant is awarded one bill of costs.

As no appeal lies as of right from an order granting a further deposition of a witness already deposed, the appeal as of right from the order granting that relief is dismissed (see, Sainz v New York City Health & Hosps. Corp., 106 AD2d 500; Roberts v Modica, 102 AD2d 886).

Edoardo Ielovich was struck and severely injured by a toploader vehicle. The plaintiffs allege, inter alia, that Taylor, the manufacturer, failed to properly equip the toploader to prevent such accidents while it was backing up.

Under these circumstances, the plaintiffs may obtain trial and deposition testimony of Taylor's chief engineer regarding similar claims of past accidents (see, Allen v Crowell-Collier Publ. Co., 21 NY2d 403, D'Alessio v Nabisco, Inc., 123 AD2d 816; Johantgen v Hobart Mfg. Co., 64 AD2d 858). The order compelling production of "all" transcripts is too broad and has thus been limited (see, Zimmerman v New York City Tr. Auth., 115 AD2d 738). Niehoff, J. P., Lawrence, Weinstein and Sullivan, JJ., concur.