■ JIMMY T. HANDY, Respondent, v GEFTEN REALTY, INC., Appellant, et al., Defendants.—In an action for specific performance of a lease provision giving the plaintiff an option to purchase the demised premises, the defendant Geften Realty, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated August 5, 1986, as granted, in part the plaintiff's motion for a protective order, *inter alia,* striking certain interrogatories and other demands for disclosure.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff concedes that his motion for a protective order was untimely but contends, nonetheless, that the court properly granted his motion in the exercise of its broad discretion in supervising disclosure. In general, the failure to make a timely motion for a protective order forecloses inquiry into the propriety of interrogatories or of a notice for discovery and inspection and the information sought to be discovered thereunder (CPLR 3122, 3133; *Sprague v International Business Machs. Corp.,* 114 AD2d 1025; *Long Is. Region Natl. Assn. for Advancement of Colored People v Town of N. Hempstead,* 94 AD2d 789). Exceptions to this rule have been carved out where the material sought is privileged under CPLR 3101 or the disclosure requests are "palpably improper" *(see, e.g., De*

*Paolo v Wisoff,* 94 AD2d 694; *Zambelis v Nicholas,* 92 AD2d 936; *Heimowitz v Handler, Kleiman, Sukenik & Segal,* 51 AD2d 702). This case comes within the exceptions to the general rule and, therefore, we find that the protective order was properly granted. No claim of privilege was asserted by the plaintiff. However, we find the interrogatories and notice for discovery and inspection, as a whole, to be palpably improper as the information sought thereunder is not relevant to the issues in the case. The appropriate remedy, therefore, is vacatur of the notice for discovery and inspection rather than pruning by either the trial court or this court *(see, e.g., Aeron Aviation Corp. v Chemco Intl. Leasing,* 117 AD2d 573; *Cramp v Cramp,* 114 AD2d 835).

As a final note, we are cognizant that a motion for a protective order against a notice to admit is not governed by the more rigid time limitations of CPLR 3122 or 3133 but rather by CPLR 3103. This fact is of little practical effect at bar because the material sought thereunder is similarly not relevant to the issues raised in the litigation and, therefore, the notice to admit is "palpably improper". Thompson, J. P., Lawrence, Rubin, Kunzeman and Sullivan, JJ., concur.