■ CHARLES MULLER et al., Respondents, v EMIL G. SORENSEN, Appellant, et al., Defendants.—In an action to recover damages for personal injuries, etc., the defendant Emil George Sorensen appeals from an order of the Supreme Court, Suffolk County (Luciano, J.), dated June 19, 1987, which granted the plaintiffs' motion to compel disclosure by directing him to comply with items Nos. 1, 2, 6, 12, 13 and 14 of the plaintiffs' notice for discovery and inspection dated April 16, 1986, and directing him to appear for a further examination before trial.

Ordered that the appeal from so much of the order as granted that branch of the plaintiffs' motion which was for a further examination before trial of the appellant is dismissed; and it is further,

Ordered that the order is otherwise modified, by deleting the provision thereof which directed the appellant to produce his 1984 and 1985 tax returns pursuant to item No. 1 of the

plaintiffs' notice for discovery and inspection; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs, and the appellant's time to comply with the plaintiffs' notice for discovery and inspection, as modified by this court, is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

No appeal lies as of right from an order determining an application made to review objections made at an examination before trial *(see, e.g., Ielovich v Taylor Mach. Works,* 128 AD2d 676; *Stoller v Moo Young Jun,* 118 AD2d 637). The appellant failed to seek permission of this court for leave prior to perfecting his appeal. We will not now grant him leave to appeal from the granting of that branch of the plaintiffs' motion which was for a further examination before trial of him *(see, Sainz v New York Health & Hosps. Corp.,* 106 AD2d 500).

The Supreme Court, Suffolk County, and the parties to this appeal correctly recognize that the failure of a party to challenge the propriety of a notice for discovery and inspection pursuant to CPLR 3120 within the time prescribed by CPLR 3122 forecloses inquiry into the propriety of the information sought, except as to material which is privileged under CPLR 3101 or as to requests which are palpably improper *(see, e.g., Handy v Geften Realty,* 129 AD2d 556; *Sprague v International Business Machs. Corp.,* 114 AD2d 1025). It is undisputed that the appellant made no timely motion for a protective order. The appellant makes no claim of privilege but argues that the material requested is palpably improper. Except as to item No. 1 we disagree. Item No. 1 sought the appellant's tax returns for 1984 and 1985. The plaintiffs' rationale for seeking them was to demonstrate that the appellant was not a general contractor on the construction project where the injury-causing event occurred and, therefore, the owners of the property in question were not exempt from liability under Labor Law §§ 240 and 241. We find item No. 1 to be palpably improper as it seeks information of a confidential and private nature which does not appear relevant to the issues in the case *(see, Matthews Indus. Piping Co. v Mobil Oil Corp.,* 114 AD2d 772; *Briton v Knott Hotels Corp.,* 111 AD2d 62; *Penn York Constr. Corp. v State of New York,* 92 AD2d 1086). As to the remainder of the challenged items we agree with the Supreme Court that they are not palpably improper so as to permit review notwithstanding the appellant's failure to challenge them in a timely fashion. Accordingly, the appellant was properly com-

pelled to respond to items Nos. 6, 12, 13 and 14 of the notice for discovery and inspection. Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.