■ SPANCRETE NORTHEAST, INC., Appellant, v ELITE ASSOCIATES, INC., et al., Respondents.—In an action to recover on a labor and material payment bond for moneys allegedly due on a construction subcontract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), entered July 14, 1988, which granted the defendants' motion to dismiss the complaint for the plaintiff's noncompliance with their disclosure requests to the extent of directing the plaintiff to answer all of the defendants' interrogatories and to comply with defendants' demand for discovery and inspection, and denied the plaintiff's cross motion for summary judgment.

Ordered that the order is modified, by deleting the provision thereof which granted the defendants' motion and substituting therefor a provision denying the defendants' motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff commenced this action against the named principal and the surety's purported successor on a labor and payment bond to recover $30,728 allegedly due on a subcontract pertaining to a construction project known as Longwood Senior High School. Pursuant to the subcontract, executed by the plaintiff and the principal, the plaintiff was to furnish all

labor, material and equipment to install hollow core slabs at the project site, in accordance with contract documents prepared by the architect, for the contract sum of $285,000, subject to additions or deductions for work change orders authorized pursuant to paragraph 11.9 of the subcontract. The plaintiff alleged that the agreed contract price was increased to a total sum of $290,648 by the price of three authorized "extras". The plaintiff submitted documentary proof that the principal agreed in writing to the price of two of the three claimed "extras". Since the principal made six payments to plaintiff, totaling $259,920, a balance of $30,728 is allegedly due.

After the commencement of this action, the defendants served the plaintiff with interrogatories and a demand for discovery and inspection. The plaintiff served its answer to the interrogatories, but responded to interrogatory numbered 5 and to interrogatories numbered 9 through 14 with the word "immaterial". The plaintiff produced item numbered 1 in the defendants' demand for discovery and inspection, but similarly objected in a letter to the defense counsel to the production of items numbered 2 through 7 as not relevant to the action. Subsequently, the defendants moved to strike the complaint on the ground plaintiff had willfully refused to comply with their disclosure requests, noting that the plaintiff failed to timely move for a protective order.

In general, the failure to make a timely motion for a protective order forecloses inquiry into the propriety of interrogatories or of a notice for discovery and inspection and the information sought to be discovered thereunder (CPLR 3122, 3133; *Handy v Geften Realty,* 129 AD2d 556; *Sprague v International Business Machs. Corp.,* 114 AD2d 1025). Exceptions to this rule have been carved out where the material sought is privileged under CPLR 3101 or the disclosure requests are "palpably improper" *(Muller v Sorensen,* 138 AD2d 683, 684; *Handy v Geften Realty, supra; De Paolo v Wisoff,* 94 AD2d 694). The instant case falls within the "palpably improper" exception to the general rule.

Interrogatory numbered 14 (a) and items numbered 6 and 7 of the demand for discovery and inspection request the production of the plaintiff's corporate tax returns for the period of 1985 until present and for copies of all W-2 and W-4 tax forms with respect to all employees employed by the plaintiff at Longwood Senior High School between November 19, 1985 through May 12, 1987. These disclosure requests are palpably improper because they seek information of a confidential and

private nature which is not relevant to the issues in this case (see, Muller v Sorensen, supra; Matthews Indus. Piping Co. v Mobil Oil Corp., 114 AD2d 772). The remainder of the challenged interrogatories and items in the demand for discovery and inspection are, as a whole, palpably improper on the ground the information sought thereunder is also not relevant to the issues in this case. This is not an action predicated upon a cost-plus contract, but one to recover sums owed on a contract for a specific, agreed price, subject to adjustments for the cost of authorized work change orders. Consequently, disclosure requests pertaining to the actual cost of material and labor incurred by the plaintiff in the performance of the subcontract would only be proper and relevant if limited to the expenses incurred by the plaintiff to effectuate a work change order, provided the price of this "extra" was in dispute.

Here, the trial court erred in directing the plaintiff to answer interrogatory numbered 5 and interrogatories numbered 9 through 14 and to produce items numbered 2 through 7 in the demand for discovery and inspection. The appropriate remedy is the vacatur of the court's directive and denial of the defendants' motion in its entirety rather than the pruning of defendants' palpably nonrelevant, overbroad and egregiously burdensome disclosure requests (see, Handy v Geften Realty, supra).

We note that the plaintiff's cross motion for summary judgment was properly denied, as the moving papers do not establish its cause of action sufficiently to warrant the court in directing judgment as a matter of law in its favor (see, CPLR 3212 [b]; cf., Kruger Pulp & Paper Sales v Intact Containers, 100 AD2d 894). Specifically, the affidavit of the plaintiff's treasurer does not suffice to establish that plaintiff fully performed the subcontract work in accordance with the architect's contract documents. Lawrence, J. P., Rubin, Eiber and Balletta, JJ., concur.