■ LAWRENCE M. KLEPNER, Respondent, v CODATA CORPORATION et al., Appellants.—Order, Supreme Court, New York County (David B. Saxe, J.), entered on or about May 18, 1989, in an action, *inter alia,* for breach of contract and quantum meruit, which denied defendant's motion to compel production of documents reflecting the wages plaintiff earned subsequent to his employment with defendant, is unanimously affirmed, with costs.

In this action plaintiff seeks payment of an alleged agreed-upon salary while he was employed by defendant Codata Corporation, as its general counsel and as an assistant to its president, defendant Dorfman. It is plaintiff's contention that Dorfman fraudulently induced him to continue to work for Codata by promising him substantial raises which were never paid. He, therefore, seeks to recover wages allegedly due him between 1978 and 1980.

During an examination before trial on August 12, 1987, request was made of the plaintiff for documents reflecting the wages he earned subsequent to his employment with Codata. On August 25, 1987, defendants renewed this request by letter to plaintiff's attorneys. On December 14, 1987, by letter, plaintiff declined to produce the requested information.

While counsel has utilized a letter format rather than a notice to produce pursuant to CPLR 3120, it is conceded that a timely motion for a protective order (CPLR 3122) vacating defendants' demand was not made. Generally the failure to make a timely motion for a protective order forecloses all inquiry into the propriety of the information to be discovered unless the notice to produce is palpably improper *(Handy v Geften Realty,* 129 AD2d 556; *Wood v Sardi's Rest. Corp.,* 47 AD2d 870).

The IAS court determined that the documents relating to plaintiff's subsequent salary were irrelevant to the issues presented in this action. We agree. Plaintiff's action is for earnings arising from a breach of an employment agreement with the corporate defendant. Plaintiff's earnings after leaving defendant's employment have no bearing on the issues presented. Concur—Ellerin, J. P., Wallach, Smith and Rubin, JJ.