■ AETNA INSURANCE COMPANY, Appellant, v JOSEPH A. MIRISOLA, Respondent.—Order, Supreme Court, New York County (Myriam J. Altman, J.), entered October 5, 1989, which, *inter alia,* struck several items from plaintiff's notice for discovery and inspection and otherwise granted plaintiff's motion to compel defendant to respond to the notice, is unanimously affirmed with costs and disbursements by plaintiff.

Defendant obtained a fine arts floater policy from plaintiff covering objects of art including an alleged Gainsborough painting insured for $400,000. Defendant subsequently submitted a claim under the policy, reporting that the painting had been stolen from his San Francisco apartment on January 13, 1985. Plaintiff's investigation concluded that the Gainsborough was not an original and was worth only $10,000 and plaintiff commenced this action for reformation or rescission of the policy on grounds of mutual mistake or plaintiff's unilateral mistake combined with defendant's fraud.

Thereafter, plaintiff served a notice for discovery and inspection seeking documents related to the defendant's deposition testimony. Defendant did not seek a protective order pursuant to CPLR 3122 and failed to respond to plaintiff's notice. Plaintiff accordingly moved for an order pursuant to

CPLR 3124 compelling defendant to respond to plaintiff's notice for discovery. The IAS court granted plaintiff's motion to compel, but struck certain requested items.

Ordinarily, where defendant fails to timely seek a protective order pursuant to CPLR 3122, the court will be foreclosed from inquiring into the propriety of the discovery requests *(Zurich Ins. Co. v State Farm Mut. Auto. Ins. Co.,* 137 AD2d 401). However, an exception to this general rule is recognized where discovery requests are " 'palpably improper' " *(Spancrete Northeast v Elite Assocs.,* 148 AD2d 694, 695) or "seek information of a confidential and private nature * * * not relevant to the issues" *(supra,* at 695-696). Thus, the IAS court properly struck plaintiff's request for defendant's tax returns *(see, Matthews Indus. Piping Co. v Mobil Oil Corp.,* 114 AD2d 772) and requests for three years of checking account and credit card records since these requests either sought confidential and private material not relevant to the issues or were overbroad and palpably improper. Concur—Ross, J. P., Milonas, Asch, Ellerin and Rubin, JJ.