■ ALAN McGUANE, an Infant, by NANCY McGUANE, His Mother and Natural Guardian, et al., Respondents, v M.C.A., INC., et al., Appellants.—Order insofar as appealed from unanimously modified on the law and as modified affirmed without

costs in accordance with the following Memorandum: When plaintiff Alan McGuane was six years old, he allegedly suffered injuries to his right eye when it came in contact with a glass shelf at defendants' store. Following a physical examination of the infant plaintiff, the exchange of medical reports and examinations before trial, defendants requested authorizations enabling them to obtain the complete medical record of the infant plaintiff from two physicians and a hospital; the entire record (academic and medical) at the two schools he attended; and the McGuane family history of eye-related problems. Defendants then moved to compel production of those materials and the academic records of McGuane's sister, and additionally, a further physical examination of the infant plaintiff. Defendants appeal from an order which limited disclosure of medical records to the production of reports regarding prior eye examinations and which denied disclosure of the family history and the school records of the infant plaintiff and his sister.

Supreme Court properly denied discovery of the non-medical school records of the infant plaintiff, the school records of his sister, and the family history regarding eye-related problems. Although such records and history are not encompassed by any privilege, they are not discoverable unless the party seeking their production establishes their relevance and materiality for discovery purposes (see, Williams v Roosevelt Hosp., 66 NY2d 391, 397 [family history]; Wepy v Shen, 175 AD2d 124; Baldwin v Franklin Gen. Hosp., 151 AD2d 532, 533). Defendants failed to show factually that the requested materials have any relevance to this case.

We reject defendants' contention that plaintiffs' failure to move timely for a protective order precludes opposition to the discoverability of those materials (see, CPLR 3122). The record reveals no request, prior to the motion to compel discovery, for the academic records of the sibling. Further, the time limitations do not apply where the material sought is claimed to be privileged or where discovery would be palpably improper (see, Aetna Ins. Co. v Mirisola, 167 AD2d 270, 271; Rinaldo v Syracuse Univ., 51 AD2d 675; see generally, Durst, Fuchsberg & Kleiner, Modern New York Discovery §§ 4:15, 4:16). A request is palpably improper where, as here, it seeks information of a confidential and private nature which does not appear to be relevant to the issues of the case (see, Aetna Ins. Co. v Mirisola, supra; Spancrete Northeast v Elite Assocs., 148 AD2d 694, 695; Muller v Sorensen, 138 AD2d 683, 684).

We agree with defendants, however, that the court improvi-

dently exercised its discretion in denying defendants' request for disclosure of those medical records relating to treatment, examination or testing of the infant plaintiff's eyes. By commencing an action, a plaintiff waives the confidentiality of his medical condition to the extent that condition is placed in issue *(Wachtman v Trocaire Coll.,* 143 AD2d 527; *Iseman v Delmar Medical-Dental Bldg.,* 113 AD2d 276, 279). Defendants were entitled, therefore, to all medical records pertaining to the condition of the infant plaintiff's eyes and should not have been limited to the disclosure of physician reports. Moreover, the bill of particulars alleges that the infant plaintiff suffers headaches, and thus, discovery of medical records, whether from school or other sources, should be permitted with respect to those portions of the records involving complaints, examination and treatment of his head. (Appeal from Order of Supreme Court, Erie County, McGowan, J.—Discovery.) Present—Callahan, J. P., Green, Balio, Lawton and Fallon, JJ.