■ JEROME KAMERMAN, Respondent, v STANLEY KOLT et al., Appellants.—In an action to recover damages for libel, the defendants appeal, as limited by their briefs, from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered October 9, 1990, as denied in part their respective motions for protective orders pursuant to CPLR 3103.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs, and the appellants' time to answer the modified interrogatories is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry.

We agree with the Supreme Court that the defendants' respective motions for protective orders were untimely *(see,* CPLR 3133 [a]). We further agree with the Supreme Court that, except for those items stricken, the plaintiff's interroga-

tories were not "palpably improper" *(see, Handy v Geften Realty,* 129 AD2d 556). Thompson, J. P., Harwood, Rosenblatt and Eiber, JJ., concur.

Balletta, J., dissents, and votes to reverse the order insofar as appealed from, and to grant the respective motions for a protective order in their entireties, with the following memorandum: In my opinion, the Supreme Court erred in failing to grant the defendants' respective motions in their entireties *(see, Handy v Geften Realty,* 129 AD2d 556). The interrogatories submitted by the plaintiff are unduly broad and oppressive and are palpably improper. They demand extensive amounts of irrelevant information, call for opinions and interpretations, and seek material not only irrelevant to the causes of action alleged, but also information which cannot conceivably lead to relevant evidence *(see, Vancek v International Dynetics Corp.,* 78 AD2d 842; *see also, Manzo v Westchester Rockland Newspapers,* 106 AD2d 492). Under the circumstances of this case, the appropriate remedy is a vacatur of the entire interrogatories rather than any attempted pruning by the court *(see, Heimowitz v Handler, Kleiman, Sukenik & Segal,* 51 AD2d 702; *Woodmere Academy v Steinberg,* 51 AD2d 514).