■ PAMELA SCHNOBRICH, Individually and as Mother and Natural Guardian of MARK SCHNOBRICH, JR., and Another, Infants, Plaintiff, v MARK J. SCHNOBRICH, SR., Appellant, and BRIAN BEACH et al., Respondents, et al., Defendant. [604 NYS2d 657] —Order unanimously reversed on the law with costs and motion denied. Memorandum: Supreme Court erred in granting the motion of defendants Beach and Pepsi Cola for an order requiring defendant Mark J. Schnobrich, Sr., to execute an authorization permitting them to obtain his medical records. CPLR 3121 (a) authorizes discovery of a party's mental or physical condition when that party's condition has been placed in controversy. Even where a party's physical condition is in controversy, however, discovery will be precluded if the information falls within the physician-patient privilege and that privilege has not been waived *(see, Dillenbeck v Hess,* 73 NY2d 278, 287-289). In order to effect a waiver of that privilege, a defendant must "affirmatively asser[t] the condition either by way of counterclaim or to excuse the conduct complained of by the plaintiff" *(Koump v Smith,* 25 NY2d 287, 294). The privilege is not waived by defendants' denial of the allegations of the complaint or assertion of the defense of comparative negligence or other defenses that do not seek to excuse defendant Schnobrich's conduct by raising a mental or physical condition *(see, Dillenbeck v Hess, supra,* at 289).

In the instant case, defendant Schnobrich denied the allegations of the complaint, alleged an affirmative defense based on

the emergency doctrine, and asserted a cross claim against the remaining defendants that their conduct either caused or contributed to the accident and the infants' injuries. Because defendant Schnobrich's answer and cross claim did not seek to excuse his conduct because of his mental or physical condition, defendant did not waive the physician-client privilege and his medical records were not discoverable (see, *Dillenbeck v Hess, supra; Koump v Smith, supra; Pierson v Dayton,* 168 AD2d 173, 177; *Gandy v Larkins,* 165 AD2d 862). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Discovery.) Present—Denman, P. J., Green, Lawton, Fallon and Boehm, JJ.