■ WAYNE J. MCMAHON et al., Appellants, v ESTATE OF COLLEEN MARIANACCI, Deceased, et al., Respondents, et al., Defendant. [604 NYS2d 656] —Order unanimously affirmed without costs. Memorandum: Plaintiffs brought this action for personal injuries resulting from an automobile accident allegedly caused by the negligence of decedent by driving while intoxicated. Plaintiffs sued the estate of decedent as well as the owners of two restaurants, alleging that they contributed to decedent's intoxication.

Supreme Court properly denied plaintiffs' motion to compel

decedent's representative to provide written authorization for release of the hospital records of decedent *(see, Dillenbeck v Hess,* 73 NY2d 278; *Schnobrich v Schnobrich,* 198 AD2d 850 [decided herewith]). Decedent's representative did not waive the physician-patient privilege by asserting a cross-claim for apportionment of damages against the codefendant restaurant owners. By asserting the cross claim, the representative did not put the physical condition of decedent in issue; plaintiffs placed decedent's condition in issue, and the representative denied plaintiffs' allegation. By the cross claim, the representative asserted only that, if plaintiffs were to sustain their burden of proving that decedent was driving while intoxicated, the liability of decedent's representative and the restaurant owners should be apportioned. By seeking apportionment, the representative did not "affirmatively assert a medical condition in seeking damages or in defending against liability while simultaneously relying on the confidential physician-patient relationship as a sword to thwart the opposition in its efforts to uncover facts critical to disputing the party's claim" *(Dillenbeck v Hess, supra,* at 287). (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Discovery.) Present—Callahan, J. P., Green, Lawton, Boomer and Boehm, JJ.