OPINION OF THE COURT
John T. Buckley, J.
Plaintiffs have moved this court for an order to compel discovery of relevant medical records in this medical malpractice action. The essence of this dispute between plaintiffs and defendant A. O. Fox Memorial Hospital is whether the requested information is shielded from discovery by a privilege created by statute. Public Health Law § 2805-m (2) provides: "Notwithstanding any other provision of law, none of the records, documentation or committee actions or records required pursuant to sections twenty-eight hundred flve-j and twenty-eight hundred five-k of this article, the reports required pursuant to section twenty-eight hundred five-Z of this article nor any incident reporting requirements imposed upon diagnostic and treatment centers pursuant to the provisions of this chapter shall be subject to disclosure under article six of the public officers law or article thirty-one of the civil practice law and rules, except as hereinafter provided or as provided by any other provision of law. No person in attendance at a meeting of any such committee shall be required to testify as to what transpired thereat. The prohibition relating to discovery of testimony shall not apply to the statements made by any person in attendance at such a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting.”
*833 Public Health Law § 2805-j requires that every hospital collect, maintain and report information regarding the identification and prevention of medical, dental and podiatric malpractice. Public Health Law § 2805-k sets forth requirements that every hospital require certain information from any physician, dentist or podiatrist seeking a grant or renewal of professional privileges or association. Public Health Law § 2805-Z requires that every hospital investigate and report a range of "incidents” to a State agency. Each of these statutes clearly requires hospitals to collect, maintain and report information which could constitute or lead to evidence of medical malpractice. Public Health Law § 2805-m (2) clearly exempts from disclosure any documents generated by a hospital in response to the mandates of sections 2805-j, 2805-k, and 2805-l. It would appear from this straightforward statutory scheme that once this court is satisfied that a requested document was generated in response to or in furtherance of any one of these mandates, a protective order based upon a claim of privilege is required even if the evidence sought is clearly relevant to the litigation between the parties.
In the present case, after a prolonged dialogue between counsel for the plaintiffs and counsel for defendant hospital, there remain four categorically described groups of documents which defendant hospital has sought to exclude from discovery: (a) Infection rates and types regarding defendants A. O. Fox Memorial Hospital and Otsego Orthopedics, P. C.; (b) Physician specific infection rates and types regarding defendants Cicoria and Boman; (c) Microbiologic data with respect to staph aureus infections; (d) Copies of physician profiles regarding each applicable defendant for the years 1990, 1991 and 1992. This data should include, among other things, the number of admissions, the number of surgeries performed, the average length of stay and the number of complications.
Plaintiffs initially invite this court to avoid ruling upon the section 2805-m claim of privilege by arguing at some length that defendant A.O. Fox Memorial Hospital has neither made a timely objection to the disclosure nor moved for a protective order. Assuming momentarily that this defendant acted as portrayed in plaintiffs’ moving papers, neither the failure to timely interpose a claim of privilege nor the failure to make a timely motion for a protective order precludes this court from examining and passing on whether compelled discovery would be proper. (McGuane v M.C.A., Inc., 182 AD2d 1081 [4th Dept 1992].) Far from being precluded, this court would appear to be *834 required to ascertain under what authority it could compel production. A clear reading of section 2805-m demonstrates that this court simply lacks the power to compel production of concededly relevant documents which fall within the scope of sections 2805-j, 2805-k and 2805-l. The only issue to which this court can direct its attention is whether the requested documents are privileged as to this defendant in this litigation.
At the request of the court, defendant A.O. Fox Memorial Hospital produced the documents at issue on this motion for an in camera review. Such inspection by the court is a proper method to ascertain the nature of the records and the assertion of relevance to the issues in this litigation, as well as the basis for the claim of privilege. (Matter of St. Elizabeth’s Hosp. v State Bd. of Professional Med. Conduct, 174 AD2d 225, 228 [3d Dept 1992].) This court is satisfied that the documents as categorically described and sought by plaintiffs, as well as the documents produced by the defendant and identified as being responsive to plaintiffs’ demand, fall well within the privileges accorded by sections 2805-j, 2805-k and 2805-l.
Confidentiality is available for any "information” required to be collected or maintained pursuant to those statutes, as well as any reports required to be submitted. (Public Health Law § 2805-m [1].) An evidentiary privilege is available for any "records, documentation or committee actions or records” required by the same sections. (Public Health Law § 2805-m [2].) Extensive regulations issued by the New York State Department of Health not only mandate hospital collection, maintenance and reporting but also provide this court with guidance as to what types of records would be privileged. (10 NYCRR 405.6 [quality assurance program], 405.8 [incident reporting], 751.10 [incident reporting].) Defendant hospital has provided affidavits from those responsible for collecting, maintaining and reporting these records and established that all the sought records fall within the privileged categories of the statutes and regulations. (Affidavits of Donna Schultes [Director of Quality Management Services] and Ruth Sickler [Infection Control Coordinator].)
Plaintiffs suggest that the documents sought really reflect "statistics” which are not privileged. Plaintiffs have not demonstrated how defendants could produce the "statistics” contained within the records consistent with the privilege arising from the statutes and regulations cited above. While in other situations courts have recognized that other privileges protect communications and not facts (Williams v Roosevelt *835 Hosp., 66 NY2d 391, 396 [1985] [physician-patient]), statutory privileges are sui generis and the court must be careful to identify what is being protected in order to accord the privilege its proper function. There is an obvious tension between a litigant’s need to obtain relevant information and a legislated duty to protect records from disclosure. The burden is on the party asserting a privilege to demonstrate that its application in the case before the court would be consistent with the purposes underlying the immunity. (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 377 [1991] [attorney-client].) Defendant hospital in this case invokes a statutory privilege to protect records which have been sought by plaintiffs. The clear purpose of the creation and maintenance of these records involves those objectives sought by the Legislature, i.e., identification and reporting of potential medical malpractice. (Matter of St. Elizabeth’s Hosp. v State Bd. of Professional Med. Conduct, 174 AD2d 225, 233 [3d Dept 1992], supra.) While parsing information and the media in which information is stored might appear a reasonable accommodation to the conflicting needs of litigants for full disclosure of relevant evidence and of society to ensure the free flow of information regarding the problems patients encounter in hospitals, this court has no inherent authority to fashion an accommodation at odds with a clear statutory resolution of such conflict. The statutory privilege has been made as broad as the legislatively articulated need to ensure the complete and accurate collection, maintenance and reporting of "information” regarding medical malpractice, incidents and physician qualifications. Since defendant hospital has met its burden, the records sought by plaintiffs are privileged from disclosure.
Having reviewed the material identified in Appendix A and due deliberation having been had, it is hereby ordered that plaintiffs’ motion to compel be and hereby is denied.