██ RALPH GEORGE SCHANER, an Infant, by JULIE HARI, His Parent and Natural Guardian, Respondent, v MERCY HOSPITAL OF BUFFALO et al., Appellants, et al., Defendants. [789 NYS2d 561]—

Appeals from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered January 16, 2004. The order denied the motion of defendants Mercy Hospital of Buffalo, OB/GYN Associates of Western New York, Carlos A. Santos, M.D., P.C., Carlos A. Santos, M.D., Brian G. Smith, M.D., P.C., Brian G. Smith, M.D. and Joan Kurtz, F.N.P. to strike the note of issue

and to compel discovery and denied that part of the motion of defendants Carlos A. Santos, M.D., Carlos A. Santos, M.D., P.C. and OB/GYN Associates of Western New York to preclude plaintiff from presenting certain evidence at trial.

It is hereby ordered that said appeal from the order insofar as it denied that part of the motion seeking to preclude evidence be and the same hereby is unanimously dismissed and the order is affirmed without costs.

Memorandum: OB/GYN Associates of Western New York, Carlos A. Santos, M.D., P.C., Carlos A. Santos, M.D. (collectively, Santos defendants), Mercy Hospital of Buffalo, Joan Kurtz, F.N.P., Brian G. Smith, M.D., P.C. and Brian G. Smith, M.D. (collectively, defendants) appeal from that part of an order that denied their motion to strike the note of issue and to compel plaintiff's mother to provide an authorization to obtain her medical records from the labor and delivery of a child delivered subsequent to the delivery of the infant plaintiff, as well as the medical records of prenatal care of that child. Defendants also appeal from the remainder of the order that denied that part of the motion of the Santos defendants seeking to preclude plaintiff from presenting any evidence at trial regarding 1999 and 2002 disciplinary proceedings of the New York State Department of Health State Board for Professional Medical Conduct against Dr. Santos.

We conclude that Supreme Court properly denied defendants' motion insofar as defendants sought to strike the note of issue and to compel production of a medical authorization. It is well settled that, in the absence of a waiver by the patient, the physician-patient privilege prohibits disclosure by a physician of information that was acquired in attending a patient in a professional capacity and that was necessary to enable the physician to act in that capacity (*see* CPLR 4504 [a]; *Williams v Roosevelt Hosp.*, 66 NY2d 391, 395 [1985]; *Riccardi v Tampax, Inc.*, 113 AD2d 880, 881 [1985]). Where a mother sues only in a representative capacity as parent and natural guardian of an infant, she "does not thereby place her own medical history in issue and waive her physician-patient privilege" (*Sibley v Hayes 73 Corp.*, 126 AD2d 629, 630; *see Matter of New York County DES Litig.*, 168 AD2d 44, 46 [1991]; *Yetman v St. Charles Hosp.*, 112 AD2d 297, 298 [1985]). Thus, "[w]hile case law clearly holds that the mother's medical records pertaining to the period when the infant plaintiff was *in utero* are discoverable based upon the theory of impossibility of severance . . . , her other medical records remain protected by the privilege" (*Yetman*, 112 AD2d at 298).

The physician-patient privilege may be waived when "the patient personally, or through [her] witnesses, either lay or medical, introduces testimony or documents concerning privileged information" (*Hughson v St. Francis Hosp. of Port Jervis*, 93 AD2d 491, 500 [1983]; *see Riccardi*, 113 AD2d at 881; *Herbst v Bruhn*, 106 AD2d 546, 547-548 [1984]). Privileged information does not include "the mere facts and incidents of a person's medical history" (*Williams*, 66 NY2d at 396). Plaintiff's mother did not waive the privilege by commencing this action in a representative capacity (*see Sibley*, 126 AD2d at 629), or by testifying at her deposition because that testimony did not reveal "the substance of . . . confidential communications" made to her physician (*Williams*, 66 NY2d at 396).

With respect to defendants' remaining contention, an order is appealable as of right if it involves some part of the merits or affects a substantial right of a party (*see* CPLR 5701 [a] [2] [iv]-[v]; *Brown v State of New York*, 250 AD2d 314, 320-321 [1998]). Here, that part of the order denying that part of the motion seeking to preclude evidence related to disciplinary proceedings does not involve some part of the merits or affect a substantial right of a party, and thus that part of the order is not appealable. Present—Pigott, Jr., P.J., Green, Pine, Gorski and Lawton, JJ.