■ RALPH GEORGE SCHANER, an Infant, by JULIE HARI, as His Parent and Natural Guardian, Respondent, v MERCY HOSPITAL OF BUFFALO et al., Appellants, et al., Defendants. [793 NYS2d 740]—

Appeals from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered August 12, 2004 in a medical malpractice action. The order, among other things, granted plaintiff's motion in part, precluded evidence at trial of the mental, physical, psychological and emotional health of plaintiff's family members other than plaintiff's parents and siblings and denied the cross motion of defendants Mercy Hospital of Buffalo and Joan Kurtz, F.N.P. for leave to renew their motion to compel plaintiff's mother to provide authorizations for the medical records of her other pregnancies.

It is hereby ordered that said appeals from the order insofar as it denied leave to reargue and granted that part of plaintiff's motion to preclude evidence be and the same hereby are unanimously dismissed and the order is affirmed without costs.

Memorandum: Brian G. Smith, M.D., P.C. and Brian G. Smith, M.D. (collectively, Smith defendants), OB/GYN Associates of Western New York, Carlos A. Santos, M.D., P.C. and Carlos A. Santos, M.D. (collectively, Santos defendants) and Mercy Hospital of Buffalo and Joan Kurtz, F.N.P. (collectively, Mercy defendants) appeal from an order that, inter alia, granted, in part, plaintiff's motion to preclude evidence at trial of the mental, physical, psychological and emotional health of family members of the infant plaintiff, and denied the motion of the Smith defendants and the cross motion of the Santos defendants insofar as they sought an order permitting a further deposition of Julie Hari, plaintiff's mother, and access to all of her labor and delivery records for all of her pregnancies, along with the postpartum medical records of her other children, after a note of issue and statement of readiness had been filed. Supreme Court also denied the cross motion of the Mercy defendants for leave to renew a motion to compel Hari to provide authorizations for the medical records of her pregnancy, labor and delivery associated with her other children, including a child born subsequent to the infant plaintiff.

We agree with plaintiff that the court properly denied the cross motion for leave to renew inasmuch as the Mercy defendants submitted no new facts in support of their cross motion (see CPLR 2221 [e] [2]). Thus, the cross motion for leave to renew was in effect a cross motion for leave to reargue, and no appeal lies from that part of the order (see Empire Ins. Co. v Food City, 167 AD2d 983, 984 [1990]). We further conclude that the court properly denied the motion of the Smith defendants

and the cross motion of the Santos defendants because no "unusual or unanticipated circumstances" required additional pretrial proceedings to prevent substantial prejudice (22 NYCRR 202.21 [d]). Moreover, where, as here, "a mother sues only in a representative capacity as parent and natural guardian of an infant, she 'does not thereby place her own medical history in issue and waive her physician-patient privilege' " (*Schaner v Mercy Hosp. of Buffalo*, 15 AD3d 997, 998 [2005]).

Finally, the appeals from that part of the order that granted that part of plaintiff's motion to preclude evidence concerning the infant plaintiff's aunts and uncles must be dismissed because preclusion of such evidence does not involve some part of the merits or affect a substantial right of defendants (*see Schaner*, 15 AD3d at 999, citing CPLR 5701 [a] [2] [iv]-[v] and *Brown v State of New York*, 250 AD2d 314, 320-321 [1998]). Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Lawton and Hayes, JJ.