ANTONIO WARD et al., Infants, by Their Parent and Natural Guardian, MALISSA WARD, Appellants, v COUNTY OF ONEIDA et al., Defendants, and BOWPAS PROPERTIES, INC., et al., Respondents and Third-Party Plaintiffs-Respondents. MALISSA ANN WARD et al., Third-Party Defendants-Appellants. [797 NYS2d 214]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered October 27, 2004. The order granted the cross motion of defendant Bowpas Properties, Inc. and the motion of defendant James G. Mogle to compel plaintiffs to provide all employment, educational and psychological records of their parents and denied in part the cross motion of plaintiffs and third-party defendants for a protective order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion of defendant Bowpas Properties, Inc. and the motion of defendant James G. Mogle are denied and the cross motion of plaintiffs and third-party defendants is granted in its entirety.

Memorandum: The infant plaintiffs, by their mother and natural guardian, commenced this action seeking damages for injuries based on their alleged exposure to lead paint. The infant plaintiffs and their parents, the third-party defendants herein, allegedly either lived at or were frequent visitors at various properties owned, inter alia, by Bowpas Properties, Inc. and James G. Mogle (defendants). Defendants cross-moved and moved, respectively, to compel plaintiffs to provide all employment, educational and psychological records of their parents, and plaintiffs and third-party defendants cross-moved for a protective order with respect to those records. Although Supreme Court granted the respective cross motion and motion

of defendants and denied the cross motion of plaintiffs and third-party defendants, the court further specified that the cross motion of plaintiffs and third-party defendants was denied "except to the extent that plaintiffs can specifically identify psychological records which are entitled to privilege." The court directed plaintiffs to "submit those records to the Court within thirty (30) days with an explanation of the alleged privilege, and the Court will review the documents *in camera* and make a determination as to whether they are entitled to privileged-status."

We agree with plaintiffs and third-party defendants that the court erred in granting the respective cross motion and motion of defendants and instead should have granted the cross motion of plaintiffs and third-party defendants without qualification. The requested psychological records are privileged (*see Schaner v Mercy Hosp. of Buffalo*, 16 AD3d 1095, 1097 [2005]; *Schaner v Mercy Hosp. of Buffalo*, 15 AD3d 997 [2005]) and the remainder of the records sought by the cross motion and motion are "of a confidential and private nature" (*McGuane v M.C.A., Inc.*, 182 AD2d 1081, 1082 [1992]; *see* Family Educational Rights and Privacy Act of 1974, 20 USC § 1232g). With respect to the psychological records, the privilege cannot be defeated by defendants' assertion that the materials are material and necessary to the defense (*see Monica W. v Milevoi*, 252 AD2d 260, 262-263 [1999]). With respect to the remaining records sought, defendants failed to make any factual showing that those records are relevant and material to the injuries sustained by plaintiffs (*see McGuane*, 182 AD2d at 1082), and the court therefore erred in compelling their production (*see generally Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 746 [2000]; *Alexander v Westminster Presbyt. Church*, 267 AD2d 1102 [1999]). Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.