■ LORETTA HELMER, as Parent and Natural Guardian of M.H., an Infant, Respondent, v JOSIP DRAKSIC, Appellant. [833 NYS2d 333]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 25, 2006. The order, among other things, denied defendant's motion to vacate the note of issue and to compel plaintiff to provide certain authorizations and to appear at a supplemental examination and granted plaintiff's cross motion for a protective order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action on behalf of her son, alleging that he sustained injuries as the result of his exposure to lead-based paint in a house owned by defendant, where plaintiff resided with her son. Defendant moved to vacate plaintiff's note of issue, and also moved to compel plaintiff to provide authorizations for her own educational records and to compel her to appear at a supplemental examination to be conducted by a neuropsychologist for questioning concerning her family background. Plaintiff opposed both motions and cross-moved for a protective order.

Supreme Court properly denied defendant's motions and granted plaintiff's cross motion. Although plaintiff's educational records "are not encompassed by any privilege, they are not discoverable unless the party seeking their production establishes their relevance and materiality for discovery purposes" (*McGuane v M.C.A., Inc.*, 182 AD2d 1081, 1082 [1992]). Here, defendant failed to make the requisite factual showing that those records are relevant and material to the injuries sustained by plaintiff's son (*see Ward v County of Oneida*, 19 AD3d 1108 [2005]; *McGuane*, 182 AD2d at 1082). Defendant also failed to establish that plaintiff's family background is relevant and material to the injuries sustained by plaintiff's son (*see McGuane*, 182 AD2d at 1082).

We have examined defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.