Memorandum: Plaintiff commenced this action seeking damages for defendant's alleged breach of the parties' employment agreement. Following a bench trial, Supreme Court concluded that defendant failed to pay plaintiff bonuses owed to him, and calculated the amount of those bonuses pursuant to the formula for computing such bonuses set forth in the employment agreement. Under that formula, plaintiff was to receive 50% of "Net Sales" as a bonus, defined as "gross sales received by [defendant] for window installations performed by crews supervised by [plaintiff], less 48% thereof for overhead, less the cost of goods sold by such crews, and less direct labor costs of such crews."

" 'On a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence' " (*Treat v Wegmans Food Mkts., Inc.*, 46 AD3d 1403, 1404 [2007]). Contrary to defendant's contention, a fair interpretation of the evidence supports the court's conclusion that the expenses identified by defendant as "direct cost of sales" are encompassed within categories of expenses already deducted from "Net Sales" pursuant to the employment agreement. The court therefore properly calculated plaintiff's bonus without deducting "direct cost of sales" from "Net Sales" in determining the bonus to which plaintiff was entitled. Present—Centra, J.P., Fahey, Carni, Green and Gorski, JJ.

 DAVID SZMANIA et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 111596.) (Appeal No. 1.) [919 NYS2d 440]—

Same memorandum as in *Szmania v State of New York* (82 AD3d 1688 [2011]). Present—Centra, J.P., Fahey, Carni, Green and Gorski, JJ.

 DAVID SZMANIA et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 111596.) (Appeal No. 2.) [919 NYS2d 669]—