PF2 Sec. Evaluations, Inc. v Fillebeen (2019 NY Slip Op 00581)





PF2 Sec. Evaluations, Inc. v Fillebeen


2019 NY Slip Op 00581


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Renwick, J.P., Richter, Mazzarelli, Webber, Kern, JJ.


8256N 151776/14 8255N

[*1] PF2 Securities Evaluations, Inc., Plaintiff-Appellant,
v
Guillaume Fillebeen, et al., Defendants-Respondents.
Guillaume Fillebeen, et al., Counterclaim/Plaintiffs-Respondents,
v
PF2 Securities Evaluations, Inc., et al., Counterclaim/Defendants-Appellants.


Carmel, Milazzo & DiChiara LLP, New York (Christopher P. Milazzo of counsel), for appellants.
Law Office of Robert Steckman, P.C., New York (Robert M. Steckman of counsel), for respondents.



Order, Supreme Court, New York County (Ellen M. Coin, J.), entered November 8, 2017, which, to the extent appealed from as limited by the briefs, denied plaintiff and counterclaim defendants' (collectively, PF2) motion to compel defendants to produce documents and interrogatory responses and to sit for depositions, and for discovery sanctions, unanimously modified, on the law and the facts, to grant the motion to the extent of compelling defendants to appear for their previously noticed depositions within 60 days after entry of this order, and otherwise affirmed, without costs. Order, same court (Tanya R. Kennedy, J.), entered April 20, 2018, which, to the extent appealed from as limited by the briefs, upon defendants' motion to compel PF2 to produce documents and interrogatory responses, directed defendants to serve a second request for discovery and inspection and directed PF2 to respond thereto, and denied PF2's cross motion for discovery sanctions, unanimously affirmed, without costs.
PF2's motion for sanctions was properly denied, as defendants' conduct in discovery was neither wilful nor contumacious (see Pimental v City of New York, 246 AD2d 467, 468—69 [1st Dept 1998]). In particular, defendants asserted a reasonable basis for delaying depositions — a basis originally advanced by PF2. Further, the motion court closely monitored discovery through five compliance conferences, and PF2 consented to extensions of the discovery schedule and the resolutions of other disputes.
Defendants' service of objections to PF2's 150 interrogatories one month late does not constitute a waiver of the objections, because the interrogatory requests were palpably improper (Aetna Ins. Co. v Mirisola, 167 AD2d 270, 271 [1st Dept 1990]). Notably, the then-in-effect rules of the part to which the case was assigned limited interrogatories to 25, including subparts, and to the identification of witnesses and documents and the calculation of damages, and PF2's requests were in gross violation of the rules in both number and subject matter.
In view of the fact that PF2 timely noticed depositions and defendants did not object to the notices, PF2 is entitled to the depositions. Defendants shall produce their witnesses for the previously noticed depositions within 60 days after entry of this order.
PF2 contends that defendants' motion to compel it to produce documents and interrogatory responses is barred by "laches." None of the cases cited by PF2 applies laches to motions to compel. Cases in which the court found that the right to compel had been waived generally involved situations in which discovery — including motions to compel — had concluded, either by rule or by court order (see e.g GoSMILE, Inc. v Levine, 112 AD3d 469, 470 [1st Dept 2013] [motion to compel made after referee resolved all the parties' stated discovery disputes]; Remark Elec. Corp. v Manshul Constr. Corp., 242 AD2d 694 [2d Dept 1997] [motion to compel made after note of issue was filed]). In the instant case, defendants made their motion before the date by which the court ordered all discovery motions to be made (September 30, 2017).
While PF2 asserts conclusorily that it produced all documents requested, it failed to show that it produced the documents that defendants identified as missing. Moreover, defendants demonstrated that at least some of the documents sought on their motion had been ordered produced in "so ordered" stipulations to which PF2 agreed.
We deny defendants' request for sanctions against PF2 for pursuing this appeal. PF2's arguments are not so lacking in merit as to be deemed frivolous.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK