Johnson v Amadorzabala (2022 NY Slip Op 07355)

Johnson v Amadorzabala

2022 NY Slip Op 07355

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND WINSLOW, JJ.

825 CA 22-00540

[*1]THERESA M. JOHNSON, PLAINTIFF-RESPONDENT,
v
ARNIM P. AMADORZABALA, ALSO KNOWN AS ARNIM P. AMADOR, DEFENDANT-APPELLANT, PV HOLDING CORP., ET AL., DEFENDANTS. 

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, ROCHESTER (KEVIN J. FEDERATION OF COUNSEL), FOR DEFENDANT-APPELLANT.
ROBERT E. LAHM, PLLC, SYRACUSE (ROBERT E. LAHM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered April 1, 2022. The order, among other things, granted plaintiff's motion to compel defendant Arnim P. Amadorzabala, also known as Arnim P. Amador to answer deposition questions about his mental health history and denied the cross motion of that defendant insofar as it sought a protective order. 
It is hereby ORDERED that the order so appealed from is modified on the law by denying the motion to the extent that plaintiff seeks to compel the deposition testimony of defendant Arnim P. Amadorzabala, also known as Arnim P. Amador, regarding statutorily privileged medical information, including any such information contained in the mitigation report and the attached mental health records, and granting the cross motion in its entirety, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this personal injury action after she was struck while walking across a street by a vehicle driven by Arnim P. Amadorzabala, also known as Arnim P. Amador (defendant). In the complaint, plaintiff asserted, inter alia, a cause of action against defendant for negligence and a cause of action against the remaining defendants for negligent entrustment of the vehicle that defendant was driving. Defendant was prosecuted for criminal conduct related to the accident and, after pleading guilty, he submitted to the sentencing court a mitigation report discussing his mental health records, which were included with the report. In this civil action, plaintiff moved to compel defendant to answer questions at a deposition concerning information about his mental health history that would otherwise be statutorily privileged, including the information in the mitigation report, and defendant cross-moved for, inter alia, a protective order barring plaintiff from making any future attempts to obtain defendant's privileged mental health information. Defendant appeals from an order granting the motion and denying the cross motion insofar as it sought a protective order.
"CPLR 3121 (a) authorizes discovery of a party's mental or physical condition when that party's condition has been placed in controversy" (Schnobrich v Schnobrich, 198 AD2d 850, 850 [4th Dept 1993]). Nevertheless, even where a defendant's mental or physical condition is in controversy, discovery will be precluded if the information falls within the physician-patient privilege and the defendant has not waived that privilege (see Dillenbeck v Hess, 73 NY2d 278, 287 [1989]). Where the physician-patient privilege has not been waived, the party asserting the privilege may "avoid revealing the substance of confidential communications made to [his or] her physician, but may not refuse to testify as to relevant medical incidents or facts concerning [himself or] herself" (Williams v Roosevelt Hosp., 66 NY2d 391, 393 [1985]; see Schaner v Mercy Hosp. of Buffalo, 15 AD3d 997, 999 [4th Dept 2005]).
We agree with defendant that he did not waive the physician-patient privilege by disclosing his mental health information in the sentencing phase of the related criminal proceeding. Here, defendant submitted the mitigation report in the criminal proceeding for the court's consideration in the determination of an appropriate sentence. Thus, this is not a case where a criminal defendant waived any privilege applicable to that defendant's mental health records by raising a justification or other affirmative defense to be litigated in the criminal proceeding (cf. Szmania v State of New York [appeal No. 2], 82 AD3d 1688, 1690 [4th Dept 2011]). Instead, the mitigation report was prepared for and "submitted directly to the court[] in connection with the question of sentence" and, as a result, the mitigation report is "confidential and may not be made available to any person or public or private agency except where specifically required or permitted by statute or upon specific authorization of the court" (CPL 390.50 [1]; see generally Matter of Salamone v Monroe County Dept. of Probation, 136 AD2d 967 [4th Dept 1988]). Further, inasmuch as defendant "validly assert[ed] the privilege and has not affirmatively placed his . . . [mental health] condition in issue,
. . . plaintiff may not effect a waiver of the privilege merely by introducing evidence demonstrating that . . . defendant's [mental] condition is genuinely 'in controversy' within the meaning of the statute permitting discovery of medical records" (Dillenbeck, 73 NY2d at 280-281). We therefore modify the order by denying the motion to the extent that plaintiff seeks to compel the deposition testimony of defendant regarding statutorily privileged medical information, including any such information contained in the mitigation report and the attached mental health records, and by granting the cross motion in its entirety. In light of our determination, defendant's remaining contention is academic.
All concur except Smith, and Winslow, JJ., who dissent and vote to affirm in the following memorandum: We respectfully dissent. We agree with the majority that the mental status of Arnim P. Amadorzabala, also known as Arnim P. Amador (defendant) is in controversy inasmuch as plaintiff seeks damages for, inter alia, negligent entrustment of a vehicle, and plaintiff alleges that the employees of defendant PV Holding Corp. and its related entities were negligent in entrusting their vehicle to defendant due to his mental state. We also agree with the majority that discovery should be precluded if plaintiff seeks information that falls within the physician-patient privilege and defendant has not waived that privilege (see Dillenbeck v Hess, 73 NY2d 278, 287 [1989]). We respectfully dissent, however, because we conclude that defendant waived the physician-patient privilege under the circumstances presented, and we would therefore affirm the order granting plaintiff's motion to compel defendant to answer questions at his deposition concerning information about his mental health history and denying defendant's cross motion insofar as it sought a protective order.
"In order to effect a waiver, a party must affirmatively assert the condition and place that condition in issue either by way of counterclaim or to excuse the conduct complained of by the plaintiff in the pending action or in a related matter" (Fox v Marshall, 91 AD3d 710, 712 [2d Dept 2012] [internal quotation marks omitted]). Thus, where, as here, a defendant is the subject of both civil and criminal proceedings arising from the same set of facts and he "relie[s] on his medical and psychiatric history to defend himself in his criminal trial, he open[s] up that information to the public, and so waive[s] his physician-client privilege as to the records [of such treatment], pursuant to CPLR 4504" (Webdale v North Gen. Hosp., 7 Misc 3d 947, 955 [Sup Ct, NY County 2005], affd for the reasons stated 24 AD3d 153 [1st Dept 2005]). Numerous courts have concluded that a defendant who discloses privileged mental health information in a criminal action will also "waive[] any privileges applicable to his [or her] psychiatric records and documents relating to his [or her] mental condition" with respect to the civil proceeding (Szmania v State of New York [appeal No. 2], 82 AD3d 1688, 1690 [4th Dept 2011]).
We disagree with the majority's conclusion that defendant did not raise his mental condition as an affirmative defense in the criminal action and thus did not waive the privilege. The majority draws a distinction between defendant's actions here, i.e., disclosing otherwise privileged information as mitigation for sentencing purposes, and disclosing information for the purposes of "raising a justification or other affirmative defense to be litigated in the criminal proceeding." There is no such distinction in the case law. A defendant will waive the privilege when he or she "affirmatively asserts the condition either by way of counterclaim or to excuse the conduct complained of by the plaintiff" (Koump v Smith, 25 NY2d 287, 294 [1969]). Here, defendant sought to use his mental health condition, and the records establishing it, for the purpose of obtaining a lesser sentence in the criminal action, i.e., he sought "to excuse the [*2]conduct complained of by the plaintiff" (id.).
Contrary to the majority's analysis, the privilege is based on the long-standing rule that a patient may maintain the confidentiality of his or her treatment records, but "the statutory prohibition having once been expressly waived by the patient, and the waiver acted upon, it could not be recalled, but the information was open to the consideration of the entire public, and the patient was no longer privileged to forbid its repetition" (People v Bloom, 193 NY 1, 7 [1908]). In other words, "[o]nce defendant waived that privilege for a particular purpose, the privilege was destroyed for all purposes, regardless of whether defendant had intended to limit his waiver" (People v Martinez, 22 AD3d 318, 318 [1st Dept 2005], lv denied 6 NY3d 756 [2005]). Therefore, defendant's intent that his disclosure of confidential information be limited solely to the criminal court for sentencing purposes is irrelevant to the analysis of whether he waived the privilege. To the contrary, "[w]hatever limits on disclosure of the [records] may have been intended by [the] patient, the very fact of such disclosure foreclosed any claim of privilege as to the information contained in the [records themselves]. [The] physician-patient privilege only applies to protect communications which have been made in confidence as well as in the context of the physician-patient relationship. It follows therefore that, even if the information was intended to remain confidential when it was communicated, once a patient puts the information into the hands of a third party who is completely unconnected to his or her treatment and who is not subject to any privilege, it can no longer be considered a confidence and the privilege must be deemed to have been waived as to that information" (Matter of Farrow v Allen, 194 AD2d 40, 44 [1st Dept 1993]; see People v Bierenbaum, 301 AD2d 119, 141-142 [1st Dept 2002], lv denied 99 NY2d 626 [2003], cert denied 540 US 821 [2003]). Consequently, in the matter on appeal, by disclosing the details of his mental health condition to the criminal court for his own benefit, "[d]efendant waived the physician-patient privilege by disclosing records of this treatment to government employees who were not involved in treating defendant" (People v Narducci, 177 AD3d 511, 513 [1st Dept 2019], lv denied 34 NY3d 1080 [2019]). The order should therefore be affirmed.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court