■ ANDREW F. CAPOCCIA, P. C., Appellant, v MURLE SPIRO, Respondent. — Appeal from orders of the Supreme Court at Special Term (Conway, J.), entered December 17, 1981 in Albany County, which, *inter alia,* denied plaintiff's motion for a protective order. In late September of 1980 defendant

Murle Spiro consulted plaintiff Andrew F. Capoccia, an attorney, regarding marital difficulties she was experiencing with her husband, and it is conceded that plaintiff agreed to represent defendant concerning these problems in return for payment by defendant of $15,000 for plaintiff's services. Although defendant maintains that she did in fact pay plaintiff the $15,000 in cash on September 26, 1980, plaintiff asserts that she has not yet paid that amount as agreed. Seeking to recover the $15,000 allegedly still due, plaintiff instituted the present action against defendant, who had discharged him in December of 1980 and retained new counsel. Defendant responded by alleging that payment had already been made and by asserting a counterclaim against plaintiff for malpractice. As the litigation proceeded, defendant made a demand for plaintiff's deposition and for disclosure of certain documents and records in plaintiff's possession pursuant to CPLR 3120 (subd [a]). The requested documents and records included: (a) the file, and all its contents, writings, notes, letters, documents or instruments executed and kept on behalf of defendant by plaintiff. (b) All books, records, documents, ledgers and balance sheets, reflecting the assets of plaintiff, wherever situated, owned or under his dominion and control on or subsequent to the 1st day of September, 1980, to the present. (c) All books, receipts, ledgers and balance sheets reflecting the names, account numbers and locations of each bank account, and the balance contained therein, in which plaintiff has an interest and the name and location of each bank in which such account is held, wherever situated. (d) All books, records, documents, ledgers or balance sheets reflecting the assets of any affiliated or subsidiary corporation, wherever situated. (e) All books, records and balance sheets reflecting the names, account numbers and locations of each bank account, and the balance contained therein, of each subsidiary. (f) All certificates of deposit for any and all accounts described in paragraphs (c) and (e) above. (g) All office diaries, appointment books, office logs or schedules maintained by plaintiff in the regular course of business or otherwise. (h) A true and accurate copy of each of plaintiff's telephone bills, itemizing each call made on behalf of defendant, as alleged in the complaint. (i) A true and accurate copy of any and all insurance policies covering the plaintiff for malpractice or other acts of malfeasance or negligence. (j) Each and every article of jewelry, stock certificates, piece of gold, silver, or other precious metal, diamond, coin or other item held by plaintiff, in escrow or otherwise, or within his dominion and control which he has received from the defendant. Later, plaintiff moved for a protective order with respect to the demand for the production of records and documents, and his motion was denied as to demands designated a, c, d, e, f, h, i and j and granted as to demand g. As to demand b, the court denied the motion, but did limit the time covered by the demand to the period from September 26, 1980 to September 26, 1981. The case of *Allen v Crowell-Collier Pub. Co.* (21 NY2d 403) and its progeny have made it plain that, while the courts possess broad discretion in supervising discovery, that discretion is not unlimited and the courts are to apply a liberal interpretation to the phrase "material and necessary" as found in CPLR 3101 (subd [a]) so as to enlarge the permissible use of pretrial procedures (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3101:5, p 11). Of course, this is not to say that *carte blanche* demands are to be honored, and those demands which are unduly burdensome or lack specificity or seek privileged matter or seek irrelevant information or are otherwise improper must be denied. With these established principles in mind, and being aware of the early stage of this litigation, we conclude that Special Term's grant of protection should have included demands d, e, h and j. Demands d and e are overly burdensome and far too broad. Demand j appears to lack relevance for

the reason that defendant alleges payment in cash as an affirmative defense and in her counterclaim. Demand h is without limitation in time and overly broad. Accordingly, the order should be modified so as to bring within the order of protection demands d, e, h and j. The remaining issues relating to discovery, which were raised by the parties in their briefs, have been rendered moot by plaintiff's delivery of the pertinent contested items to defendant. Orders modified, on the law and the facts, by also granting plaintiff's motion for a protective order with respect to demands d, e, h and j, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Yesawich, Jr., JJ., concur.