■ PENN YORK CONSTRUCTION CORPORATION, Formerly FOSTER-LIPKINS CORPORATION, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 61557.) — Appeal from so much of an order of the Court of Claims (Murray, J.), entered April 23, 1982, as denied in part the State's motion for discovery of certain records and documents. Claimant, formerly known as Foster-Lipkins Corporation, entered into a contract with the State of New York in August, 1966, for general construction work on the Swan Street Building of the Empire State Plaza. In 1969, Foster-Lipkins subcontracted part of the work to S. R. Beltrone, Inc. In April, 1971, Foster-Lipkins merged into Penn York Construction Corporation (see *Foster-Lipkins Corp. v State of New York*, 84 AD2d 870). In connection with the instant claim brought by claimant on behalf of Beltrone,

defendant, through its auditor, Ralph P. Willsey of Willsey Management Associates, had requested certain documents for discovery. In reply, counsel for claimant listed the records that were available, but denied defendant discovery of Beltrone's Federal income tax returns and financial statements, general ledger and adjusting journal entries, cash receipts journal, equipment sales and depreciation schedules, sales tax returns, overhead, job cost codes and correspondence. There was limited agreement on what would be produced and on what records were available. Upon defendant's CPLR 3124 motion for further discovery, the Court of Claims ordered claimant to produce the above records which were in dispute except the Federal income tax returns and financial statements and the depreciation schedules. The court found that there was no strong showing of necessity required for ordering the production of the income tax returns and that the depreciation schedules were not discoverable because they would have no probative relation to the actual value of the equipment at the time it was used on the job. This appeal by defendant ensued. The Court of Claims properly ruled that Beltrone's Federal income tax returns and financial statements need not be produced for discovery. Defendant has not made a sufficiently strong showing to require production of these records (*Mamunes v Szczepanski,* 70 AD2d 684, 685). Defendant's auditor should be able to develop a sufficient accounting analysis from the records now available for the defense of this claim for damages based on the State's delay. Moreover, it should fall to the trial court to determine if the profit add-on is fair and reasonable (cf. *Columbia Asphalt Corp. v State of New York,* 70 AD2d 133, 137, mot for lv to app den 49 NY2d 702; 13 NY Jur, Damages, § 119, p 603). Defendant's contention that the Court of Claims erred in refusing to require claimant to produce for discovery the equipment depreciation schedules, if they are available, is persuasive. Claimant is making substantial claims for the value of its equipment in both of its damage theories and if it was doing other jobs in the relevant time period and retained its equipment after completion, a large amount of equipment cost would be charged to this job. Furthermore, defendant previously has been found liable where it failed to produce damage figures to counter those offered by the contractor (see *Public Constructors v State of New York,* 55 AD2d 368, 381). The order issued by the Court of Claims should, therefore, be modified to require the production and discovery of any equipment depreciation schedules, and, as so modified, affirmed. Order modified, on the law and the facts, by reversing so much thereof as denied production and discovery of certain equipment depreciation schedules, and such depreciation schedules, if available, are directed to be produced for discovery, and, as so modified, affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.