■ HARRIET VAN BUREN, Respondent, v COLUMBIA MEMORIAL HOSPITAL et al., Defendants, and OTIS ELEVATOR COMPANY, INC., et al., Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (Connor, J.), entered December 14, 1987 in Columbia County, which denied a motion for a protective order by defendants Otis Elevator Company, Inc. and United Technologies Corporation and directed said defendants to comply with plaintiff's notice of discovery and inspection.

Plaintiff was injured on September 26, 1984 while entering an elevator installed by defendant Otis Elevator Company, Inc. and maintained by defendant United Technologies Corporation (hereinafter collectively referred to as defendants). Plaintiff sought disclosure of certain items from defendants including (1) wiring diagrams related to the elevator and its door, (2) layout installations and sequence of operation instructions of the elevator and/or its doors, (3) any documents referring to the changes or revisions made in those documents, specifically changes or revisions to the wiring dia-

grams, and (4) layout installations or sequence of operation instructions since the date of operation. Defendants sought a protective order pursuant to CPLR 3103 and 3120 vacating plaintiff's demand for these items on the grounds that the request was immaterial, overly broad, lacking in specificity, without proper foundation and overburdensome. Supreme Court denied defendants' motion for a protective order and directed them to comply with plaintiff's demand.

There should be an affirmance. Courts possess broad discretion in supervising discovery *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403; *Andrew F. Capoccia, P. C. v Spiro,* 88 AD2d 1100, 1101). We find that plaintiff's requests are relevant and material to the issues of whether the elevator door was operating properly. Further, the demands are specific enough so that the documents and information sought are easily identifiable. Plaintiff has laid a foundation for this demand. Finally, the material sought is not overly broad or burdensome.

Order affirmed, with costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.