■ BRS&W ASSOCIATES et al., Respondents, v W.R. GRACE & Co. et al., Appellants.—Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered June 2, 1989, granting plaintiffs' motion for a protective order, pursuant to CPLR 3103 (a), unanimously affirmed, with costs.

Plaintiffs commenced this action against defendants alleging, *inter alia,* that defendants fraudulently misrepresented their oil and gas development investment philosophy as one of diversification, to induce plaintiffs' investment in the Grace 1981 Private Drilling Program, a limited partnership. In their notice to produce, defendants sought plaintiffs' tax returns for a 10-year period and all financial statements, trading statements and documents relating to any other partnership interests. Defendants sought the information as relevant to the issues of the extent of plaintiffs' reliance upon the alleged misrepresentations, their investor sophistication and damages. Defendants have failed to demonstrate the requisite strong showing of necessity and desirability to warrant disclosure of tax returns. (*Briton v Knott Hotels Corp.*, 111 AD2d 62.) That tax benefits could be derived from the partnership does not diminish the materiality of the claim that diversification was falsely alleged. In any event, inquiry into plaintiffs' tax motives may be obtained through deposition or trial testimony. (*Rousseff v Hutton Co.*, 843 F2d 1326, 1330.) Investor sophistication has not been placed in issue and, therefore, cannot be a basis for the disclosure sought. Lastly, plaintiffs' tax returns are not discoverable on the issue of damages, since any tax benefits obtained as a result of the investment may not be used to offset damages—the difference between what was paid and the value received. (*Randall v Loftsgaarden,* 478 US 647, 656-657, 660; *Freschi v Grand Coal Venture,* 800 F2d 305.) Concur—Kupferman, J. P., Asch, Kassal, Wallach and Rubin, JJ.