■ GERALD P. RICKERT, SR., Appellant, v TRAVELERS INSURANCE COMPANY et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered September 14, 1988 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

On July 16, 1986, plaintiff's home was allegedly burglarized, resulting in a loss of more than $20,000 in jewelry. Plaintiff was insured under a homeowner's policy and a personal articles floater issued by defendant Travelers Insurance Company (hereinafter Travelers) which was obtained through defendant Philip H. Furie Insurance Agency. Plaintiff submitted a claim to Travelers and, pursuant to the terms of the insurance policy, Travelers demanded that plaintiff appear for an examination under oath.

At the examination, plaintiff was questioned about any past insurance claims filed by him. Plaintiff acknowledged two prior losses, a 1983 burglary of a prior residence which involved the loss of jewelry and personal property, and a 1985 claim which arose when plaintiff's Jeep was stolen in Boston, Massachusetts. Subsequent investigation by Travelers revealed that plaintiff had made six prior insurance claims for

lost or stolen property since 1981. Plaintiff's additional claims involved a January 1981 theft of jewelry and tools from a prior residence for which plaintiff was paid $4,605; a September 1981 theft of property from plaintiff's vehicle in San Francisco, California, for which plaintiff was paid $2,500; a February 1984 theft of plaintiff's 1984 Dodge pickup truck for which plaintiff received $12,490; and a September 1985 loss of a ring by plaintiff for which he was paid $2,115.

Travelers subsequently rejected plaintiff's claim and plaintiff commenced this action against defendants. In their answer, defendants asserted three affirmative defenses: (1) that plaintiff lacked an insurable interest in the property, (2) that plaintiff had concealed and misrepresented material facts in his application for the homeowners' insurance policy, and (3) that plaintiff had concealed and misrepresented material facts at the examination under oath which preclude plaintiff from recovering under the terms of the policy. Defendants then moved for summary judgment based upon the third affirmative defense, asserting that no factual issues existed concerning plaintiff's willful failure to fully disclose his prior loss history at the examination under oath and that such concealment invalidates the policy of insurance. In opposition to the motion, plaintiff averred that his failure to disclose four out of six past insurance claims occurred because his "recollection was imperfect" and that there was no intentional concealment on his part. Supreme Court granted defendants' motion for summary judgment and this appeal by plaintiff ensued.

Plaintiff's main contention on appeal is that Supreme Court erred in determining that no factual issues existed, and plaintiff's averments that he had simply forgotten about several prior claims presents a credibility issue to be resolved by the trier of fact. Although plaintiff is quite correct that credibility issues generally require the denial of summary judgment motions (see generally, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:6, at 428), there are of course instances where credibility is properly determined as a matter of law (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:4, at 426-427). In our view, this case presents one of those instances.

Plaintiff's affidavit contains only the conclusory statement that he failed to recollect every prior insurance claim at the time of his examination under oath. The implausibility of this contention is evident from the fact that the forgotten claims were relatively recent (the last one occurring only one year prior to the time of plaintiff's examination under oath in this

case) and also the fact that several of those claims involved substantial sums of money. Moreover, in the examination plaintiff was able to recall the September 1985 incident in which he lost a diamond ring, but apparently did not remember, despite repeated questioning, that an insurance claim was filed and he was paid more than $2,000 for that loss. Based on the foregoing, Supreme Court could properly find that plaintiff's conclusory, self-serving averments were incredible as a matter of law. We are also persuaded that plaintiff's loss history was clearly material to Traveler's investigation of his claim (see, Terpstra v Niagara Fire Ins. Co., 26 NY2d 70, 76; see also, 9 Couch, Insurance § 38:31, at 400-401 [2d ed]) and, thus, plaintiff's willful failure to make a full disclosure at the examination under oath invalidated the insurance policy.

Order affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.