■ CHURCH OF ST. MATTHEW, Appellant, v AETNA CASUALTY AND SURETY COMPANY, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Beatrice Shainswit, J.), entered November 9, 1989, which, *inter alia,* denied the motion of plaintiff-appellant, The Church of St. Matthew, for summary judgment, and declared that defendant-respondent, The Aetna Casualty and Surety Company, is entitled to discover certain documents, unanimously modified, on the law

and facts, to the extent of deleting the directive that plaintiff provide documents and information relating to its board of directors, officers, or donors, and otherwise affirmed, without costs.

Plaintiff insured is an Anglican Catholic church located at 1355 A. Street, Elmont, New York, which sustained major losses on or about December 31, 1987, when the church building and its contents were destroyed in a fire of suspicious origin. Under a comprehensive policy issued by defendant insurer in March 1987, plaintiff was covered for loss and damage caused by fire, and plaintiff has filed a claim with defendant pursuant thereto.

At issue in this appeal is whether defendant, which is investigating the facts and circumstances surrounding the fire, is entitled to examine and photocopy certain documents, which include the following: (1) Authorizations for all bank records maintained by the church. (2) A list of monthly expenses for the church. (3) A reporting of the income of the church, including the names of donors and amounts donated. (4) Copies of tax returns for the church, as well as for its board of directors and officers. (5) A list of the salaries of the board of directors and officers of the church. (6) An authorization to the Internal Revenue Service to obtain documents that were seized by that agency in an unrelated matter.

Defendant sought this discovery pursuant to paragraph C of the general policy provision section of the insurance policy, which, in pertinent part, states that the insurer "may examine and audit the named insured's books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance."

Plaintiff argued that it had, in fact, provided defendant with all relevant documents, including proof of loss statements, floor diagrams, contents inventory, and bank statements for four different banks. The additional items requested by defendant were opposed by plaintiff as either not relating to the subject matter of the insurance or protected under the church's code of confidentiality.

Upon examination of this record, we conclude that the IAS Part properly directed discovery of the requested documents insofar as they are material and relevant to the issue of the plaintiff church's financial status at the time of the fire. (See, Averbuch v Home Ins. Co., 114 AD2d 827, 828, where the court, in granting summary judgment to the insurer, observed:

"Despite being warned by defendant's attorney that a refusal to answer material and relevant questions might lead to a disclaimer under the policy by the defendant, plaintiff refused to answer several patently material questions posed by defendant's counsel including, *inter alia,* questions relating to the condition of the premises prior to the fires and plaintiff's financial status at that time"; *see also, Williams v American Home Assur. Co.,* 97 AD2d 707, *affd* 62 NY2d 953.) In the case at bar, plaintiff was additionally obligated to permit defendant to examine and audit its books and records pursuant to a contractual provision, paragraph C, *supra.*

The circumstances presented, however, do not provide a basis for defendant to be granted access to personal financial information pertaining to plaintiff's board of directors and officers, or to the names of church donors, and we accordingly modify the order appealed from to exclude any such discovery. *(Cf., 2423 Mermaid Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 142 AD2d 124.) Concur—Sullivan, J. P., Carro, Milonas, Kassal and Smith, JJ.