■ WALTER KARL, INC., Appellant, v ROBERT WOOD, Respondent.—In an action, inter alia, to permanently enjoin the defendant from soliciting, servicing or doing business with the customers of the plaintiff, his former employer, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Buell, J.), entered

September 7, 1988, as granted the defendant's motion, denominated as a motion for reconsideration of the denial of his prior motions to limit disclosure, granted the motions to limit disclosure and denied its cross motion to compel disclosure.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal from so much of the order as failed to sustain objections made at an examination before trial, the application is referred to Justice Thompson, and leave to appeal is granted by Justice Thompson; and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

The facts leading to the instant dispute are set forth in detail in our prior decision in this case on the appeal from the order granting the plaintiff's motion for a preliminary injunction *(Walter Karl, Inc. v Wood,* 137 AD2d 22). The Supreme Court properly reconsidered its prior determinations denying the defendant's motions for partial protective orders and, upon reconsideration, the defendant's motions were properly granted. Firstly, we note that whether the motion at issue is denominated a motion for leave to reargue or one to renew, it was timely made *(see, Weaver v State of New York,* 112 AD2d 416; *see generally,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:8, at 158). The challenged items in the plaintiff's notice for discovery and inspection on the whole are overly broad and not relevant to the issues in the case to the extent that the information sought infringes upon personal areas unrelated to the breach of an alleged employment agreement (CPLR 3101 [a]; 3103; *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403). Item number 7 of the demand requests all 1987 tax returns prepared by or on behalf of the defendant. The disclosure of tax returns is generally disfavored due to their confidential and private nature *(see, e.g., Spancrete Northeast v Elite Assocs.,* 148 AD2d 694; *Muller v Sorensen,* 138 AD2d 683). The party seeking to compel the production of tax returns must make a strong showing of necessity and desirability for such disclosure *(see, Briton v Knott Hotels Corp.,* 111 AD2d 62; *Penn York Constr. Corp. v State of New York,* 92 AD2d 1086). The plaintiff failed to make a showing of necessity for the defendant's tax returns or to show that the information sought was unavailable from other sources.

We find that the Supreme Court also properly granted the protective order with respect to the subpoena duces tecum served on a nonparty witness and denied the plaintiff's motion

to compel the nonparty witness to answer certain questions posed at her deposition. Although, generally, the proper procedure is to allow a witness to answer all questions subject to objections which are reserved for trial in accordance with CPLR 3115 (see, Byork v Carmer, 109 AD2d 1087; White v Martins, 100 AD2d 805), the Supreme Court did not act improvidently in declining to direct the nonparty witness to respond. The Supreme Court did not specifically rule on the merits of the objections made at the deposition. However, this court may properly consider the challenged questions and render the rulings (see, White v Martins, supra, at 806; see also, Blitz v Guardian Life Ins. Co., 99 AD2d 404). We find that the questions, for the most part, were not material and relevant to the issues of this case.

Lastly, the subpoena duces tecum sought the customer lists of the competing corporation established by the defendant which was precisely the sort of information which the plaintiff argues constitutes a trade secret. Thus, without ruling on the substance of that argument, we find that a protective order was properly issued with respect to the subpoena duces tecum. The remainder of the challenged items therein were overly broad or not relevant. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.