■ BONNIE DLUGOSZ, Appellant, v EXCHANGE MUTUAL INSURANCE COMPANY, Respondent.—Mikoll, J. Appeals (1) from an order of the Supreme Court (Ryan, Jr., J.) in favor of defendant, entered March 22, 1990 in Schenectady County, upon a dismissal of the complaint at the close of the evidence, and (2) from the judgment entered thereon.

The issue before us is whether Supreme Court, upon defendant's motion at the close of the evidence, properly dismissed plaintiff's complaint which had sought to recover jewelry losses under a jewelry rider in a homeowner's insurance policy issued to her by defendant. Plaintiff alleged loss by theft when a forcible entry occurred at her home on November 27, 1981 and three rings, valued at approximately $41,250, were stolen together with various other items of personal property, including $7,000 in cash. Following the loss, defendant conducted examinations under oath of plaintiff and her husband pursuant to provisions of the policy and demanded the filing of a proof of loss statement. Plaintiff and her husband refused to answer any questions regarding prior theft losses as well as any questions concerning plaintiff's income, debts and judgments at the time of the loss. Plaintiff and her husband also refused to produce copies of plaintiff's income tax returns. The loss claim was rejected by defendant.

Plaintiff then commenced this suit to recover for the jewelry losses. Defendant interposed an answer raising affirmative defenses that plaintiff had committed fraud and false swearing in connection with the claim in violation of the policy provisions; failed to subscribe the transcript of the examination under oath; that the loss was caused by plaintiff under the general theft exclusion contained in the policy; and that plaintiff failed to answer material and relevant questions at the examination under oath relating to her income, assets, prior loss history and financial condition.

At trial, after plaintiff rested, defendant offered into evidence the transcript of the examination under oath of plaintiff and her husband. Defendant's subsequent motion to dismiss the complaint, based upon breaches and violations of the cooperation clause under the insurance contract, namely, failure to answer questions as to plaintiff's income, submit copies of plaintiff's income tax returns, and to answer questions relevant to plaintiff's and her husband's income, assets, prior loss history and financial condition, was granted. This appeal by plaintiff ensued.

Plaintiff contends that the examination under oath of plaintiff and her husband were erroneously received in evidence. We disagree. Plaintiff's and her husband's transcripts were admissible both as statements of a party to the lawsuit and as extrajudicial admissions of a party (see, Richardson, Evidence §§ 209, 210, at 187 [Prince 10th ed]). The husband was an extra insured under the policy. Plaintiff's and her husband's examinations contained inconsistent statements and were,

therefore, admissible as evidence *(see, Hayes v Henault,* 131 AD2d 930, 932-933).

Plaintiff's objections to the admission of the examinations before trial with counsel's notations thereon is also without merit. We note that notations of counsel on the examinations were redacted before they were admitted. Plaintiff further contends that she was denied an opportunity to object to questions posed in the examinations before trial and was thus prejudiced by their wholesale admission. Although a question-by-question introduction of the questions and answers was preferable, plaintiff has failed to point out any objectionable material in the matter introduced. We thus conclude that any error was harmless and does not require a reversal.

Plaintiff next urges that the questions she and her husband declined to answer in the examinations under oath were irrelevant, that they were entitled to decline to answer them, and that the failure to answer them cannot serve as the basis for a judgment in favor of defendant. The insurance policy covering the loss provided in pertinent part that "[t]he insured, as often as may be reasonably required, shall * * * submit to examinations under oath by any person named by [defendant] and subscribe the same". An insurer is entitled to information regarding the insured's financial status, including the insured's income tax return *(see, Church of St. Matthew v Aetna Cas. & Sur. Co.,* 161 AD2d 173) and the insured's prior insurance losses *(Dlugosz v New York Cent. Mut. Fire Ins. Co.,* 132 AD2d 903, 904, *lv denied* 70 NY2d 612). The record reflects that plaintiff failed to submit income tax returns and answer questions regarding her financial status and prior insurance losses. Thus, under the express terms of the insurance contract relating to plaintiff's cooperation with defendant, plaintiff breached the terms thereof.

Judgment in favor of the insurer is properly granted when the insured's noncooperation is unreasonable and willful *(see, Ausch v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 43, *lv denied* 70 NY2d 610). Defendant, as the insurer here, established that plaintiff, as the insured, failed to cooperate as a matter of law. Plaintiff admitted her refusal to disclose her income tax returns. The record also reveals that plaintiff failed to answer questions as to her financial status and prior insurance losses. Plaintiff's refusal was shown to be unreasonable, willful and extreme.

Any other issues raised are without merit and we decline to discuss them.

Weiss, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order and judgment are affirmed, with costs.