■ U.S. Ice Cream Corp. et al., Appellants, v Carvel Corporation, Respondent, et al., Defendant.—In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered November 9, 1990, which granted the motion of the defendant Carvel Corporation to strike the plaintiffs' sixth notice for discovery and inspection and denied their cross motion to compel disclosure.

Ordered that the order is reversed, as a matter of discretion, with costs, the motion of the defendant Carvel Corporation to strike the plaintiffs' sixth notice for discovery and inspection is denied, the plaintiffs' cross motion to compel disclosure is granted, and the defendant Carvel Corporation shall comply with the plaintiffs' sixth notice for discovery and inspection within 30 days of service upon it of a copy of this decision and order, with notice of its entry.

It is well established that there shall be full disclosure of "all" evidence "material and necessary in the prosecution or defense of an action, regardless of the burden of proof" (CPLR 3101 [a]), and that CPLR 3101 is to be "liberally" construed to require disclosure where the matter sought will assist in trial preparation by sharpening the issues (see, *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406; see also, *Hoenig v Westphal,* 52 NY2d 605, 608). Restricted only by a test for materiality of "usefulness" and "reason", pretrial discovery is to be encouraged (*Allen v Crowell-Collier Publ. Co., supra,* at 406).

In this dispute arising from a licensing agreement and a management agreement, the plaintiffs seek production by Carvel Corporation of certain documents, identified by and about which an employee of Carvel Corporation testified at a deposition conducted in this litigation, pertaining to the defendant Carvel Corporation's relationships with other international distributors of its products (see, *Rios v Donovan,* 21 AD2d 409). We need not determine whether those documents

are material and necessary with respect to prosecution of the complaint for, in light of the liberality with which disclosure is regarded, it is evident that the sought-after documents will be reasonably useful in the defense of Carvel Corporation's counterclaim *(see, Allen v Crowell-Collier Publ. Co., supra).* Under the circumstances, the Supreme Court should have directed that Carvel Corporation comply with the plaintiffs' sixth notice for discovery and inspection. Moreover, assuming that the order of the Supreme Court dated September 5, 1989, with respect to another notice for discovery and inspection, constituted the "law of the case", we note that the earlier order is not binding on this Court pursuant to the doctrine of law of this case *(see, Gray v Sandoz Pharms.,* 123 AD2d 829, 830; *Scott v Transkrit Corp.,* 91 AD2d 682). Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.