■ V-MART, INC., Respondent, v ARTHUR L. GAETANO, JR., Doing Business as TALLY-HO VIDEO, et al., Defendants, and NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant. (Appeal No. 1.) [614 NYS2d 355] —Appeal unanimously dismissed without costs *(see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Discovery.) Present—Green, J. P., Pine, Balio, Fallon and Doerr, JJ.

■ V-MART, INC., Respondent, v ARTHUR L. GAETANO, JR., Doing Business as TALLY-HO VIDEO, et al., Defendants, and NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant. (Appeal No. 2.) [614 NYS2d 92] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: The court properly denied discovery of plaintiff's income tax returns for 1986 and 1987 *(see, Lauer's Furniture Stores v Pittsford Place Assocs.,* 190 AD2d 1054, 1055). The court should have permitted discovery of plaintiff's bank statements for the year preceding the alleged burglary and discovery of cancelled checks for the purchase of video equipment, in addition to the cancelled checks for lost tapes already ordered by the court. In addition,

the court should have permitted discovery of contracts between plaintiff and P&C Food Markets, and discovery of invoices of plaintiff's video tape players allegedly lost in the burglary. We further conclude that defendant insurer is entitled to a further deposition of plaintiff's president and sole shareholder, and to an extension of time in which to complete discovery. We remit the matter, therefore, for a new discovery schedule. (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Reargument.) Present—Green, J. P., Pine, Balio, Fallon and Doerr, JJ.