Donohue, J.
This case involves a claim for $5,239.17 under a Personal Injury Protection injury policy resulting out of a motor vehicle accident. On August 22, 1997, the plaintiff claims that she was involved in motor vehicle collision that resulted in injuries to her person. The Trust Insurance Company (“defendant”), as insurer of the vehicle driven the plaintiff, initiated an investigation and, pursuant to the insurance policy contract, requested that the plaintiff appear for an examination under oath and produce material documentation and information. The plaintiff neither appeared nor produced the requested material or information.
On February 8, 2000, the plaintiff filed suit in Leominster District Court, alleging that the defendant breached its insurance contract by refusing payment for her injuries. The plaintiff included a 93A claim and requests for costs and attorneys fees. The defendant counterclaimed, alleging that the plaintiff breached the insurance policy by failing to “cooperate” in the subsequent investigation. The defendant requested money damages and demanded a trial by jury.
On June 7, 2000, the District Court allowed summary judgment on the defendant’s counterclaim stating that the plaintiff breached her insurance contract by failing to attend an examination under oath. That court held that the plaintiffs obligation to attend such an examination was a condition precedent to recovery under the applicable insurance policy.
On July 4, 2000, the plaintiff requested removal of her case to the Superior Court for trial by jury pursuant to G.L.c. 231, §104. The defendant now moves for summary judgment. For the reasons set forth below, the defendant’s motion is ALLOWED.
DISCUSSION
Summary Judgment Standard
Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Allstate Insurance Co. v. Reynolds, 43 Mass.App.Ct. 927, 929 (1997); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991); Cassesso v. Commission of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Id., 404 Mass. at 17.
At issue is whether the plaintiff was required, under the applicable insurance policy, to attend an examination under oath, and whether her failure to cooperate with the investigation amounted to a breach of contract. The Standard Massachusetts Automobile Police (Sixth Edition), whose terms are dictated by the Commissioner of Insurance, states:
We may also require you and any person seeking payment under any part of this policy to submit to an examination under oath at a place designated by us, within reasonable time after we sire notified of the claim.
After an accident or loss, you or anyone else covered under this policy must cooperate with us in the investigation, settlement, and defense of any claim or lawsuit. We must be sent copies of all legal documents in connection with the accident or loss. Failure to cooperate with us may result in the denial of the claim.
Failure to cooperate with an investigation pursued by an insurance company may result in a material breach of a condition precedent to an insurance contract, and thus preclude any recovery. Rymsha v. Trust Insurance Company, 51 Mass.App.Ct. 414 (2000). See also Mello v. Hingham Mut. Fire Ins. Co., 421 Mass. 333 (1995). Submission to an examination may be strictly construed as a condition precedent to the insurer’s liability. Mello, 421 Mass. at 337. Additionally, failure to provide documentation pursuant to an insurance contract that will reasonably assist an investigation may bar recovery from a claimant seek *561 ing payment for injury. Rymsha, 51 Mass.App.Ct. at 418.
In the present case, the plaintiff refused on several occasions to submit herself to an examination under oath or to provide documentation and information relevant to her claim. On both February 12 and February 24, 1998, the plaintiff failed to appear for an examination. These refusals formed the basis of the District Court’s decision to allow the defendant’s motion for summary judgment. This court agrees that cooperating with the investigation amounted to a condition precedent under the insurance contract. Thus, guided by the principles set down in Rymsha and Mello, supra, the plaintiff breached the insurance contract by refusing to cooperate with the defendant’s investigation. Accordingly, she is barred from recovery.
ORDER
For the foregoing reasons, the defendant’s motion for summary judgment is ALLOWED.