Ripps, J.
This appeal,[1] pursuant to Dist/Mun. Cts. R A D. A, Rule 8C, challenges the judge’s grant of summary judgment for the defendant insurance company on a stolen car claim on the ground that the plaintiff failed to comply with its requests for information.
*218 The plaintiff, Herntis Yanis, owned a 1990 Cadillac Brougham which was insured by the Metropolitan Property and Casualty Insurance Company (Metropolitan). He parked it near his residence in Worcester about 7:00 p.m., October 7, 1999. Police found the car about 6:45 a.m. the next morning, before it had been reported missing, smashed into a wooden pole. They noted that the ignition and steering column had been damaged, and it did not appear that it could be started. Mr. Yanis made a timely claim.
Metropolitan hired S.D. Lyons, experts in fraud detection, auto fires, physical damage, mechanical analysis and accident reconstruction to conduct an investigation. They reported that the steering column was unlocked, the engine could not be started and the gearshift could not be moved from park to any other gear without the use of a proper key.
Based upon the investigation, Metropolitan scheduled Mr. Yanis to appear for an examination under oath and to bring with him copies of his Federal and State Income Tax Returns from 1997 through 1999 and the keys to the motor vehicle. The examination occurred May 16,2000. Mr. Yanis did not bring his tax returns or car keys, but agreed to provide them. During the examination, he disclosed that he had not been employed since 1998, that he had been receiving Social Security Disability Income, and that a few months before the theft, he had attempted to sell the car by advertising it in the paper for about a week. The examination was suspended pending Yanis’s providing the income tax returns, disability information and the keys. On May 22, 2000, Metropolitan wrote to Yanis’s counsel reiterating its request for the documents and keys. They were never provided.[2]
On October 12, 2000, Yanis commenced this action against Metropolitan alleging breach of an insurance contract and violations of c. 93A and 176D. The defendant filed a Motion for summary judgment on July 25, 2001. After hearing, it was allowed on September 7,2001 with the notation on the docket sheet “see Rymsha v. Trust Inc. Co. 51 Ma App 414 746 Ne2nd 561 and Mello v. Hingham Mut Fire Ins. Co. 421 Ma 333 656 NE 2nd 1247.”[3]
The general principle is that summary judgment is to be granted if there is no genuine issue as to any material feet and the moving party is entitled to judgment as a matter of law. Dist/Mun. Cts. R Civ. P., Rule 56(c). Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating both the absence of a triable issue and its entitlement to a judgment Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). In order for the judge to allow the motion, he had to have found as a matter of law that there was no tactual dispute about whether the plaintiff failed to cooperate with the insurer, thereby breaching the policy.
An insured’s failure to comply with a condition requiring an examination under oath constitutes a material and substantial breach of the insurance contract as a matter of law Cohen v. Commercial Casualty Ins. Co., 277 Mass. 460, 462 (1931); Mello v. Hingham Mut. Fire Ins. Co., 421 Mass. 333, 337 (1995) (complete failure to take examination on grounds of privilege against self-incrimination rejected); Ellis v. Safety Ins Co., supra at 639.
The plaintiff agrees that the utter failure to attend an examination is a breach of the insurance contract But, he argues, that because he did attend examination, he substantially complied with his duty, and his Mure to provide “irrelevant and not pertinent” documents did not rise “to the level of a ‘substantial and material’ breach of that duty.” Ellis v. Safety Ins. Co., 41 Mass. App. Ct. 630, 638 (1996), quoting Darcy *219 v. Hartford Ins. Co., 407 Mass. 481, 488 (1990). Further, he argues that an insurer may disclaim liability “only upon making an affirmative showing of actual prejudice resulting from the breach.” Ellis, supra, at 638-639, quoting Darcy, supra, at 491.
Evidence is relevant, when it renders the desired inference more probable than it would have been without it Commonwealth v. Copeland, 375 Mass. 438, 443 (1978); Green v. Richmond, 369 Mass. 47, 59 (1975). “Evidence need not establish directly the proposition sought; it must only provide a link in the chain of proof,” Commonwealth v. Tobin, 392 Mass. 604, 613 (1984), and have a “rational tendency to prove an issue in the case.” Commonwealth v. LaCorte, 373 Mass. 700, 702 (1977). The documents requested need only be reasonably calculated to lead to the discovery of admissible evidence. Mass. R Civ. P., Rule 26(b) (1); Hull Mun. Lighting Plant v. Massachusetts Mun. Wholesale Elec Co., 414 Mass. 609, 615 (1993).
Whether an insured can attend the examination, but not give all the requested documents, was the issue in Rymsha v. Trust Ins. Co., 51 Mass. App. Ct. 414 (2001). Therein, the plaintiff reported that while about to return from Florida to Massachusetts, someone had broken into her rental car and stolen expensive jewelry, electronic equipment, clothing, luggage, and golf clubs. None of the items were ever recovered. During an examination under oath, the insurance company asked her to provide it with documents concerning the annual gross incomes of her businesses, her individual tax returns from 1988 to 1994, credit card receipts and statements showing the purchase of items, any photographs of the items, and any documents from her businesses that indicated a history of insurance claims. These requests were reiterated in a letter from Trust to Rymsha, dated July 17,1996, in which it was also stated that her failure to provide the requested information would prejudice Trusfs ability to complete its investigation of her claim. She never provided the documents, but claimed the requested corporate and personal tax returns were not pertinent The court found that the financial status of an insured can be relevant to an insurer’s investigation of a claim, citing Sidney Binder, Inc. v. Jewelers Mut. Ins. Co., 28 Mass. App. Ct. 459, 462-463 (1990) (in theft claim, evidence of insured’s business affairs and personal finances relevant to show that insured had motive to stage burglary). The court fur flier found no “distinction between an obligation to submit to a reasonably requested examination under oath and the duty to produce documents pertinent to the claimed loss.” At 417.
The Rymsha court then addressed the plaintiffs second contention: that the insurer failed to make any showing that it was prejudiced by her refusal to furnish documents pertinent to the investigation of her claim, citing Darcy v. Hartford Ins. Co., supra at 490. The court held that if the insurer was required to make an affirmative showing that actual prejudice resulted from Rymsha’s refusal to provide the requested documents,[4] such a showing was made.
Rymsha’s refusal to furnish the reasonably requested pertinent information put Trust in the untenable position of either paying the claim without question and without any means by which to investigate its validity, notwithstanding the circumstances and amount of the loss described in her unsworn statement and examination under oath testimony, or being sued for breach of contract and unfair acts and practices. We think the prejudice to Trust too obvious to warrant discussion. It is enough to state that Rym-sha’s blanket refusal to provide the reasonably requested documents even stymied Trusfs ability to show actual prejudice. Rymsha, supra, at 418.
The allowance of defendants motion for summary judgment was affirmed.
Herein, as in Rymsha, the insured did participate in some of the examination, but *220 Med to complete it by Ming to provide pertinent financial information. In spite of slight factual variations, we see little difference between Rymsha v. Trust Ins. Co. and the present case. Both insurers sought to understand the claimanf s financial picture to assess whether they had a financial motive to stage the loss. Herein, fewer tax years were asked for than in Rymsha; three years as opposed to six, so the tax information is more relevant As to the social security disability information, the insurer has a right to understand the claimants source of income compared to his expenses.
As to prejudice, we agree with the judge that as in Rymsha, it is unnecessary to make a separate showing that the insurer was prejudiced, because the Mure to obtain reasonably relevant information met the test
For the foregoing reasons, the allowance of the motion for summary judgment is affirmed.

 The previous appeal by Metropolitan raised the issue of whether the motion judge abused his discretion in allowing the plaintiffs Motion To Extend Time To File Notice of Appeal. We determined that he had not 2000 Mass. App. Div. 98.

 The plaintiff suggests that he should be given a “postjudgment right to comply.” See Plaintiff’s Brief p. 11.

 The parties did not include copies of the materials seen by the motion judge, as required under Dist/Mun. Cts. R A D. A, Rule 8C. According to the Defendants brief at p. 7 the policy states that “We may require you... to submit to an examination under oath” and that “[failure to cooperate with us may result in the denial of your clam”

 The court did not necessarily agree that a showing of prejudice was necessary, citing Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 122-123 (1991).