Altidor v State-Wide Ins. Co. (2004 NY Slip Op 50753(U))

[*1]

Altidor v State-Wide Ins. Co.

2004 NY Slip Op 50753(U)

Decided on June 22, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 22, 2004

Supreme Court, Kings County
WILENE ALTIDOR, Plaintiff,
against
STATE-WIDE INSURANCE COMPANY, Defendant.
2915/02

Howard A. Ruditzky, J.
Statement of Facts
This is a demand for discovery and inspection made by defendant State-Wide Ins. Co. for the release of the plaintiff's tax returns and monthly bank statements for years 1999 and 2000. On April 22, 2000, the plaintiff's vehicle, a 1999 Mitsubishi Montero, was stolen, damaged, and vandalized. The approximate cost of repair, storage, and other expenses of the vehicle was twenty thousand dollars ($20,000.00). The plaintiff made a claim pursuant to the conditions of her insurance policy with the defendant. The defendant, using their Special Investigations Unit, found that there were no signs of forced entry or tampering to the ignition lock. Based on these findings, the defendant issued a denial of the plaintiff's claim due to material misrepresentation.
Mitsubishi Motors Credit, the Lessor of the Montero, repossessed and auctioned the plaintiff's vehicle due to plaintiff's failure to pay or cover the damages incurred. Following the auction, the lessor put forth a judgment of twenty three thousand two hundred seventy dollars and eighty-four cents ($23, 270.84) with interest to date against the plaintiff. On July 29, 2002, plaintiff commenced this action to recover the amount of loss pursuant to her insurance policy with the defendant.
Defendant has made a demand for discovery and inspection of the plaintiff's tax returns and monthly bank statements for years 1999 and 2000. Plaintiff has submitted a memorandum in opposition of the defendant's demand and requests sanctions be imposed against the defendant. The Court shall now address each of the issues before it in turn.
Discovery of Plaintiff's Financial Documents
A. Material & Necessary 
CPLR § 3101(a) requires the "full disclosure of all information that is material and necessary to the defense or prosecution of an action." N.Y. C.P.L.R. 3101 (Consol. 2003). The "material and necessary" requirement mandated by CPLR § 3101(a) is to be liberally construed to require disclosure where the matter sought will assist in trial preparation by sharpening the issues. US Ice Cream Corp. v. Carvel Corp., 190 A.D.2d 788, 788, 593 N.Y.S.2d 861, 862 (2d Dep't 1993). Although courts possess a broad degree of discretion while supervising discovery, requests which are unduly burdensome, lack specificity, or are otherwise improper must be denied. Capoccia v. Spirro, 88 A.D.2d 1100, 1101, 453 N.Y.S.2d 70, 72 (3d Dep't 1982).

The disclosure of tax returns is generally disfavored due to their private and confidential nature. Walter Karl, Inc. v. Wood, 161 A.D.2d 704, 705, 555 N.Y.S.2d 840, 841 (2d Dep't 1990). "A party will not be required to produce income tax returns in a particular action unless the record presents a strong necessity for such disclosure in order for the party to prove its cause of action or defense." Niagara Falls Urban Renewal Agency v. Friedman, 55 A.D.2d 830, 830, 390 N.Y.S.2d 310, 311 (4th Dep't 1976). Defendant argues that they are entitled to obtain all relevant information that is material and relevant to the insurer's investigation of the claim in question. However, in Active Fire Sprinkler v. American Home, the court held that there must [*2]be "some showing that the particular information in tax returns has some specific application to the case." Active Fire Sprinkler v. American Home, 203 A.D.2d 218, 218, 609 N.Y.S.2d 663, 664 (2d Dep't 1994). The defendant's request for all relevant information does not specify what exact information they are seeking from the tax returns or how the tax returns are relevant to establishing the plaintiff's motive to destroy her property and collect money under the policy.
The disclosure of tax returns is heavily disfavored by the courts and will not be granted absent a strong showing of necessity. See, Walter Karl, Inc., 161 A.D.2d at 705, 555 N.Y.S.2d at 841 (holding that the party moving for the production of tax returns must make a strong showing of necessity and desirability); Niagara Falls Urban Renewal Agency, 55 A.D.2d at 830, 390 N.Y.S.2d at 311 (holding that a party will not be required to produce tax returns unless there is a strong showing of necessity for such disclosure). Defendant argues that there are special circumstances present, since there is an "indicia of fraud" with respect to the plaintiff's claims, which entitle them to disclosure of the plaintiff's tax returns and bank statements. Dore v. Allstate Indemnity Co., 264 A.D.2d 804, 804, 695 N.Y.S.2d 422, 423 (2d Dep't 1999). However, in order to overcome the court's normal reluctance to grant disclosure of financial records and tax returns, the defendant is required to establish that at least an inference of fraud exists. See 4 Aces Jewelry Corp. v. Smith, 256 A.D.2d 42, 43, 680 N.Y.S.2d 539, 540 (1st Dep't 1998) (holding that a variance that existed between two different valuations of the same inventory was sufficient to establish an inference of fraud); see also, Murray Walter, Inc. v. Sarkisian Bros., Inc., 107 A.D.2d 173, 179, 486 N.Y.S.2d 396, 400 (3d Dep't 1985) (holding that financial records and tax returns were discoverable in a fraud action that involved a stock redemption contract containing an alleged illegal tax avoidance scheme).
The defendant concludes that an "indicia of fraud" exists with respect to the plaintiff's claim, but does not indicate any particular details regarding the fraud. This generalized statement regarding the plaintiff's conduct is not enough to induce the Court to grant the disclosure of the plaintiff's tax returns and bank statements. The requisite standard of a strong showing of necessity requires more information than the defendant has provided.
The plaintiff asserts that this Court must decide whether an issue of fraud exists warranting the disclosure of the plaintiff's tax returns and bank statements. However, the issue before the Court is not whether Ms. Altidor committed fraud, but it is whether the insurance company has made a strong enough showing of necessity for the financial documents to fulfill the requirements of CPLR § 3101(a). Although, the plaintiff has framed the issues incorrectly, the Court must nonetheless agree with her objection to the disclosure demand because the defendant has failed to meet the requirements of CPLR § 3101(a).
[*3]B. No Alternative Means
In order for this Court to allow the discovery of a party's tax records, the defendant must "demonstrate that the information in the returns is not available from other sources." Leinoff v. 208 West 29th Street Associates, 243 A.D.2d 418, 419; 662 N.Y.S.2d 554, 556 (1st Dep't 1997), Gordon v. Grossman, 183 A.D.2d 669, 670; 584 N.Y.S.2d 54, 55 (1st Dep't 1992); V-Mart v. Gaetano, 204 A.D.2d 1038, 1039; 614 N.Y.S.2d 92, 92 (4th Dept. 1994) (holding that plaintiff's tax returns were not discoverable by the defendant even though they would be useful in proving plaintiff's fraud because fraud could be proved without the tax returns.) Even if the alternative methods attempted by parties may seem burdensome compared to the release of the non-moving party's tax returns, no discovery is allowed "absent showing an inability to obtain information from other sources." Penn York Construction v. State of New York, 92 A.D.2d 1086, 1087; 462 N.Y.S.2d 82, 83 (3d Dep't 1983) (holding that New York was not allowed discovery of the plaintiff's tax records because it did not show that the "state's auditors could develop a sufficient accounting analysis from the records already available.") Id at 1087, 83. Courts have also denied discovery of a plaintiff's tax returns if a party's intent and "tax motives [can] be obtained through deposition or trial testimony." BRS & W Associates v. W.R. Grace & Co., 156 A.D.2d 249, 249; 548 N.Y.S.2d 511, 512 (1st Dept. 1989).
In instances when one party claims loss of potential income or depreciation of a possession's value as a business deduction, the courts have found that tax records are unique. In these situations, no other evidence or depositions would suffice in proving the moving party's contention. Konrad v. 136 East 64th Street Corp., 235 A.D.2d 258, 258, 652 N.Y.S.2d 30, 30 (1st Dep't 1997) (holding that the plaintiff's tax returns fall under scope of discovery because he is claiming that defendant's actions forced him to unemployed. Tax returns are necessary to know whether plaintiff's salary has decreased because of defendant's alleged wrongdoing.); see also, Kornblatt v. Jaguar cars, Inc., 172 A.D.2d 590; 568 N.Y.S.2d 416 (2d Dep't 1991) (holding that plaintiff's tax returns were necessary in determining whether car depreciated as a business deduction according to New York Lemon Law.) As stated above, in cases where an inference of fraud or unlawful motives can be shown, tax returns can be admitted.
The defendant, State-Wide Insurance Company, has not shown the Court that the plaintiff's tax records are irreplaceable to establishing its assertion of fraud. No mention is made in the defendant's memorandum of law stating that discovery of the plaintiff's tax records and bank statements is its sole remedy in proving its case. The defendant simply states that the inference of fraud is so great as to require the plaintiff's financial records. This Court cannot accept such conclusory statements if there is no mention of potential alternate methods and their weaknesses. Penn York Construction, 92 A.D.2d at 1087.
C. Co-operation Clause
The defendant states that the courts have held requests for discovery of tax returns and monthly bank statements as proper requests for an examination under oath conducted during the investigation of the claim. The defendant relies on cases that support the court's willingness to grant discovery or in cases of non-cooperation, dismiss the plaintiff's claim. Dlugosz v. Exchange Mutual Insurance Company, 176 A.D.2d 1011, 574 N.Y.S.2d 864 (3d Dep't 1999); Rickert v. Travelers Ins. Co., 159 A.D.2d 758, 551 N.Y.S.2d 985 (3d Dep't 1990); Mermaid [*4]Realty Corp. v. New York Property Insurance Underwriting Assn., 142 A.D.2d 124, 524 N.Y.S.2d 999 (2d Dep't 1988).
In these cases, however, the insurance policies involved contain cooperation clauses which require cooperation by the insured. Courts allow examination of financial information due to the fact that "the scope of examination under the cooperation clause of a policy is broader than the right of discovery under CPLR ." Evans v. International Ins. Co., 168 A.D.2d 374, 375, 562 N.Y.S.2d 692, 694 (1st Dep't 1990). If the insured fails to cooperate fully, then the claim could be properly denied by the insurer. These cases are distinguishable from our case because the defendant does not assert that its policy contains a cooperation clause. The holdings of cases where the insurance policies contain cooperation clauses cannot be applied to the facts of this case and are therefore not relevant. 

Sanctions
The plaintiff further contends that the defendant's demand for discovery is so ill-advised and wasteful to the extent that sanctions must be administered by the Court. Although the "court has discretion in awarding costs or imposing financial sanctions" against the moving party if an action is frivolous, such is not the case here. N.Y. COMP. CODES R. & REGS. Costs; sanctions. 22, § 130.1-1 (2003).
 In order for conduct to be deemed frivolous, it must contain one of the following; a) no merit and be unable to be "supported by a reasonable argument for an extension, modification, or reversal of existing law", b) conduct is done in bad faith, or c) conduct "asserts material factual statements that are false." Id. None of these factors are present in this claim. 
Conclusion
The defendant's demand for discovery of the plaintiff's tax records and bank statements is hereby denied. Under CPLR § 3101(a), discoverable items must be material and necessary to the prosecution or defense of an action. The defendant has failed to specifically state why these documents are material and necessary to their defense. The defendant has also failed to quantify what information they would extract from these documents and how that information would be used. In addition, the defendant has also failed to establish that there are no alternative means available from which it could obtain the same information.
The plaintiff's request that sanctions be imposed on the defendant is also hereby denied. The Court finds that the demand for discovery of the plaintiff's tax records and bank statements was not frivolous in nature.
This constitutes the decision and order of the Court.
E N T E R :

J . S . C .